This document contains pages that are of poor quality at the time of imaging.

Into and For the Texas Court of Criminal Appeals and Its Justices, Supreme Court Building, 201 West 14th Street, Room#106, Austin, Texas 78701

63,088-05

**In Re John Zavala**(aka-JOE ZAVALA) Applicant-Relator-Pro Se,

Versus,

Judge(John/Jane Doe),for the 396th Judicail District Court of Tarrant County of the State Of Texas;Andra-Jacobs,Asst,Attorney to Criminal - District Attorny to Fort Worth Texas, Sharen Wilson,Fried McMillin,Crim.D.A, & Litigation Specialist-Post Conviction, AndREddie D.Baker,Custodian of Record,et al,for TDCJ-CID,et al.....

§ Inre:Cause#/Style—Abel Acosta,Clerk
§ 0943395-D
§
§
§
§ AUG 19 2015
§
§ COURT OF CRIMINAL APPEALS
§ RECEIVED IN
§ Motion for sanctions & stricking
§ illegal third Party's Brief-under
§ Writ of Mandamus
§
§
§

Relator's Application For An Original Application FOR A Writ Of Mandamus Pursuant to § 22.221(b) of the Texas Government Code,& Rule 72.1,& 2 of The Texas Rules Of Appellate Procedure

To The Texas Court of Criminal Appeals-Justices:

Comes now before your said Appellate Court,John Zavala,under number as 01310 - 271(aka,but real name is Joe Zavala),and seeks for judicial Notice,and to let - there be understanding in this cause of action sub judice and thus,has submitt-ed,and filed [t]his Application for a writ of mandamus against above said Resp-ondent (s),and thus,invoking the jurisdiction of this Court of Appeals of Texas, pursuant to Texas Government Code,§ 22.221(b),and Rule 72.1 and 2 of the Texas-Rule of Appellate Procedure,as implemented with Article V,§5A of the Texas Cont-itution,but that mandamus is sought against the presiding judge over the habeas corpus proceeidings under number case,cause C-396-010512-0943395-D,and in Court-for the judicial District of Tarrant County,Texas;for committing abuse of Autho-rity,and arbitrary acts in her/his judicial capacity,and discretion,in errorne-nously failing to perform its/her/his ministerial duties empaneled by State law, and for suspending procedures for implementing the writ of habeas corpus,and de-viating from the normal proceedings under article 11.07,§§ 1,2 & 3(a),& (b) of-the Texas Code of Criminal Procedures,and application of the law and facts th-at is cited within this Relator's writ of habeas corpus,and it's findings of -facts and conclusions of law-attached to this Relator's Application for a writ-of habeas corpus,ad testificandum,and thus,these submitted petitions for Relate or's writ of habeas corpus were not heard or suppressed and not determined upon-the law and facts shown by the trial Court's record,and reintroduced by Relator as his exhibits(42 items in all).Inwhich Relator's main issue presented is that the trial COURT and it's judge,rendered a void judgment,based on the Prosecutor--'(s) false and fake indictment,and that srtipped the trial Court of any jurisd-iction over the subject-matter,cause of action and all Parties of interest -.

Wrose yet,said Respondent has not acknowledged Relator's actual claims raised-

1.Coat.

before it's Court,and intentionally failed to serve the correct and legal Person(s)-Party(s) of interest.Which would have been Eddie D.Baker,-who is the - Senior Warden and Custodian who the trial Court's habeas corpus judge was to - issue service of process upon.Such as the summons and complaint,and thereafter [ ]ould have been compelled to appear and enter an appearance with the body of this Relator,and then and there show cause why Relator[Applicant]should not be-released from false imprisonment?-i.e.,**Bounmedine V.Bush**,553 U.S.723(2008)(in-part,"whether Petitioner's legal due process of law was denied,for not affording Petitioner the right to a fair opportunity in State Court to discover and present potentially exculpatory evidence that was not contained in the record-on appeal?");**District Attorney's Office V.Osborne**,557 U.S.52(2009)(same);**U.S.-V.Moussaoui**,365 F.3d 292,300-302,n.4-5(4th Cir.2004),citing **Padilla V.Rumsfeld**, 352 F.3d 695,709(2nd Cir.2003),cert.Granted,____U.S.____,124 S.Ct.1353,1358-(2004);**Rumsfeld V.Padilla**,542 U.S.426,124 S.Ct.2711,159 L.Ed.2d 513(2004),8:-**Hamdi V.Rumsfeld**,542 U.S.507,124 S.Ct.2633,159 L.Ed.2d 578(2004),8,272;**RA** BUSH,542 U.S.466,124 S.Ct.2686,159 L.Ed.2d 548(2004),9...HENCE,the legal-proper Respondent with respect to the writ of habeas corpus petition is the **Person** who has custody over the Petitioner/Applicant,and jurisdiction of the issaunce of the writ lies with the State OF Texas Court of Criminal Appeals,and each judge thereof-given-the-power-and-Authority to grant and issue the issuance of - writs of habeas corpus,and in Criminal matters[as herein sub judice],the writ-of mandamus,etc.i.e.,Article 4.04,§ 1 & § 2(TCCP);Article 5,§ 5A Of the Texas-Constitution,and thus,over the Respondent-**Eddie D.Baker**-named in Relator's Memorandum of law,attached to **his** Application for a writ of habeas **corpus**,along - with **his** exhibation of itemized instruments material to RELATOR'S unconstitutional and illegal conviction(s) for Arson and Burgarly.Insupport of this want of-mandamus Application,Relator will further show this Said Appellate Court's Justices the following:

I.

A) Relator's plea for jurisdiction involves the validity of the judgment pronounced upon **his** imposed duplicitious Count indictment or the Prosecutor'(s) own - version of an unauthorization of a grand jury panel.Which judgment is void ab-initio,because the alleged defendant,**John Zavala**,was never legally before the-trial Court and it's presiding trial judge.In fact,the indictment is so fatally-defective that it deprived the trial Court of subject-matter jurisdiction.Had - defense Court appointed defense counsel(s) NOT elected too commit breach of **his-her/their** fiduciary duty and legal obligations,**he/she/they** would have objected-and complained about deceptive trade Practice acts by the prosecutor(s) and that there was no actual returned True Bills of Indictment(s).These issues are well pleaded in Relator's memorandum of law,as well as supported with **his** exhibitation of 42 items.Moreover,Relator can never waive **his** United States Constitutional rights guaranteed under the Fourteenth,and Fifth,Sixth,**Eighth,Ninth** Amendments.Therefore,Relator has not waived any obsolute rights,and has reserved the - ese said rights even prior to **his** Coerced and induced plea of guilty,and will -

2.Coat.

reserve **his** right to amend this designation so as to not have waived any errors of law preserved in the trial COURT.Since **his** main issue of claims raised is a challenge to the trial Court's/judge's jurisdiction,over the[ir] subject-matter and Parties of interest.In the interest of justice,may this Texas Court of Criminal Appeals take judicial notice,pursaunt to Rule 201(a),(b),(c),(c),(d), (e),(f),(g)-of the Texas Rules of Evidence,that the fraudulent indictment issued under cause number C-396-010512-0943395-D,is not a criminal complaint under the laws of Texas,and the trial Court's judge never acquired exclusive,nor competent jursidiction over the subject-matter sub judice."Thus,lack of subject-matter jurisdiction over a[ny] Case.cause of action or citation renders a trial Court's - judgment void."**Ex Parte Seidel**,39 S.W.3d 221,224-25,n.4(Tex.Cr.App.2001);**Hoang V. STATE**,872 S.W.2d **694** ,Supra(Tex.Cr.App.1993)."A defect which renders a sentence **void** may be raised at any time or stage,and for the first time of appeal."Id.
B) Relator states that the correct procedures for entertaining a writ of habeas - copus has not been taked in this Case at bar.Nor has the correct legal and proper person been served service of process.Because the trial Court's judge has deviated from the normal habeas corpus procudures.And in stead has arbitrarily-allowed an illegal third party intervener(s) to file or and submit illegal improper baseless motions in opposition,but as third party under an Amicus Curiae's Response to Relator's [Applicant's] Application for a writ of habeas corpus.Thus, Service of process has not been executed on the Custodian of record,Respondent-**Eddie D.Baker**,(or a successor if reassigned,etc),pursunat to Articles 11.01,11.-02,11.03,11.04,11.05,11.07,§ 3(a) & (b).11.11,11.12,11.14(1) to (5),*11.15,*11.-16(TCCP) & 11.23,11.26,11.27,11.28,11.29,11.30(1) to (5),11.31.11.32,& 11.36-" The Applicant may be Brought before the trial Court"..These rule of law allows-or permits service on the legal person having custody of the prisoner/Applicant or service on the legal government Official or Agency in the manner proscribed-by these said State's laws(inaccord with aforementioned federal-Supreme Court's precedent)for serving a summons or the like process on the correct legal Respondent(s)."Id....These said provisions are to be applied with the service of 'summons or like process'-under Texas Rule of Civil Procedure 106 or/and 21a-but - rule 106 provides that the initial citation(summons) may be served by delivering a copy of the citation and petetion(complaint),in person,to RESPONDENT(s),or-by mailing a copy of the citation and petition to the Respondent of interest-via certified mail,returned receipt requested.The trial Court's judge,or and a **Sharen Wilson**,with **Frieda McMillin** have used illegal and unlawful motion practice to cause the dismissal of Your Relator's Application for a writ of habeas corpus, along with **his** memorandum of law's pleadings,and have departed from guidance of State law ,and have erroneously failed to act with reference to any guiding principles of law,failed to analyze and apply the law correctly,and by such ion of the correct procedures,has acted in an arbitrarily and unreasonalbe manner so inconsistent with legal and substantial due process of law as to render

the trial Court's/judge's judgment void...The unidentifiable habeas corpus-judgment may be an intruder,if not an elected or appointed judge under the - provisions of the Texas Constitution,so as to express Respondent(s) handling-Court is the 396th Judicial District Court of Tarrant County,Texas-where S/he is duly acting in an judicial capacity,as a duly elected or appointed District Judge.Whatever its capacity for the trial Court,Relator seeks mandamus relief upon **him/her** or they,as a whole !for both failing to act upon the contents written in the memorandum of law,and hampering,otherwise hindering,Relator's federal and State of Texas Constitutional rights,including State and federal law-requirements of [Equitable]access of inmate'(s),to avail **himself** to the Courts - for hearings under this civil action sub judice.Thus,said judge has committed abuse of power and authority when S/he fails to perform her/his ministerail duties employeed by State law...Relator has provided **Eddie D.Baker**,as Custodian-over **him**,a copy of **his** separate,but attached memorandum of law,so **Baker** will - have prepared **his** trial Court's duplicated copied documentation,and produce it in the said trial Court-in showing whether **Baker** has any actual legal papers-to justify Relator's imprisonment...However,thus far,Responent(s) has not took legal-proper procudres to deliver your Relator to said- Responent,who should have - Relator under illegal and unlawful restraint from - **Baker's** Custody,and said trial Court's judge must view the original exhibitation,"but only if demanded"...and commanded that **his[Baker]** to produce and have your Applicant/Relator before said Court instanter.Article 11.27(TCCP)-& 11.31 states to **WHOM** the writ of habeas corpus is to be served,and [**Shall**]bring before said habeas judge Who **shall** examine the writ'-Application/petition and the papers attached to it; and then and there if no legal cause has been shown for the false imprisonment-and restraint ,or 'if it appears that the imprisonment or restraint,though as-if first legal,cannot for any cause be lawfully prolonged,the Applicant/Relator [**Shall**] be discharged.i.e.,Aricle 11.40(TCCP).And aforementioned federal precedent insupport...of trying to comprehend why the **habeas said** judge did not - chose to file the correct laws for procedures in habeas corpus proceedings sub-judice,rather than allowing a paper brief as the "STATE'S RESPONSE TO APPLICANT-'S APPLICATION FOR A WRIT OF HABEAS CORPUS ?'"and erroneously failed to compel an appearance of **Eddie B.Baker**,but permitting **Sharen Wilson** and **Andrea Jacobs**(ADA) to submit documents for improper,illegal and unlawful purposes,and - cause unnecessary delays,and needless increase in the cost of litigation.see **Ryland V.Shapiro**,708 F.2d 967,972,n.5(5th Cir.1983)(citation omitted);Cf.**Hall - V.Mackery**,720 F.Supp.261,262(SSNY.1989)(Prison officials sanctioned for causing delays in proceedings);**Boonie V.Elrod**,706 F.Supp.636,638-39(ND.Ill 1989)(Sanctions imposed against jail Captains lawyers for baseless motions);**Knop V.Johnson**,667 F.Supp.512,515-22(W.D.Mich.1989)( sancttions imposed for abusive motion practice),aff'd in partinent part,977 F.2d 996,104(6th Cir.1992),cert,denied,113 S.Ct.14,15(1993);**Goka V.Bubbitt**,862 F.2d 646,650-52(7th Cir.1988)("-

4.Coat.

Appellate Court directs consideration of sanctions imposed against prison-Officials lawyers);Cf.**U.S.V.Winestock**,340 F.3d 200,207,n.7(4th Cir.2003),citing **Dunn V.Cockrell**,302 F.3d 491-92,n.1(5th Cir.2002)(per curiam),cert.denied, ____U.S.____,123 S.Ct.1208,154 L.Ed.2d 1013(2003),in part:

" An example of a proper Rule 60(b)(FRCP) claim(equivalent to Art.27.08-(4)(TCCP)) is an allegation that the government agents perpetrated a fraud-upon-the-Courts during the collateral review proceedings".Id,at **Winestock**,340 .3d ate-207,n.7;**Ryland**,at 708 F.2d at 972,n.5:"In relevant part: Of what avail is it to the indivdual rights to arm him with a panoply of Constitutional rights if, when **he** seeks to vindicate them,the Court-room can be hermetically sealed against **him** by a functionary,Who,by refusal or neglect,impedes the filing of **his** papers";and "that **a State Clerk of the Court's** has negligently delayed the filing of [this] Petitioner's petition on appeal,and that the delay **is interfer-ing** with this Relator's [Individual's] rights of access to the Courts".Id.

C)The Respondent(s) are clearly and constructively denying Relator any means of equitably availing himself to the common-law or and Constitutional Court,as said Respondent(s) erroneous failures to perform it's ministerial function,under the facts of this case,means Repondent(s) has personally edit-ed and censored Appl-icant's/Relator's documents and has refused to perform his/her duties under its sworn Oath,'unless it's an intruder who is interfering',or a recalcitrant Clerk-(s) is participating in refusing to file Relator's properly-executed legal docu-ments,then **mandamus** will draw-out the culprit or violator of rights,and make Relator's legal matters a public record **of** existance.Even though Relator's sw-orn statements herein are in good faith ,and attempting to affirm the truth.**But** intruder(s) and said judge are impeding the progress of any thing Relator has want[ed] to file,process and have docketed within the trial Court's record... This relator is in a position as in **Deleon V.District Clerk**,187 S.W.3d 473,474-475,n.1,2,3,4,-5(Tex.Cr.App.2006).Hence,Relator is also seeking an Order instru-cting the District Clerk of Tarrant County to accepy **his** petition as is,file it, docket it and have it processed and then presented to the said Court's justices-for due consideration upon the relief Relator seeks.Rather than harboring the darker motivation of keeping the trial judge's docket clear of Relator's petit-ions".Id.,citing **Winters V.Presiding Judge of the Crim.Dist.Ct.Nu.3**,118 S.W3d 773-775(Tex.Cr.App.2003).AS expressed through-out [t]his mandamus petition,this Re-lator has shown **he** has no other adequate remedy at law to pursue **his** requested-relief other than with this Application.Even though the law established expres-ses **he** has a clear right to the relief sought,and the merits of this Relator's claims for relief are beyond dispute;as a legal right that necessitates that the law plainly describes the duty to be performed.Such that there is no room for the exercise of discretion".Id.

D) **Andrea Jacobs** and **Sharen Wilson** are allegedly of the Criminal District Attor-ney'(s) Office of Tarrant COUNTY,Texas,and together submitted and filed said baseless and unlawful briefed motion inopposition,with the Tarrant County _

District Clerk's Office ,supposedly on or about 7/23/2015,and joindly have  -
misrepresented facts and misstated laws in this case at bar.First this issue
of fraudulent indictment,and void judgment to Relator's conviction/sentence does
not fall under the abuse of the writ act.So Relator never had to over come the
falsely impliedò- subsequent bar to the writs filed or writ bar.See  precedent
cited in RELATOR"S memorandum of law.**Hamilton V.McCotter**,172 F.2d 171,183-84(5-
th Cir.1985)(citation in original);**Cf.State V.Johnson**,821 S.W.2d 609.612,& n.2-
(Tex.Cr.App.1991)(four criteria in original),and **State V.Terrazas**,962 S.W.2d 38-
supra(Tex.Cr.App.1998),"even though this Court did not expressly decide at that
time whether the defendant/Applicant is entitled to a dismissal for said Const-
itutional violations,it remanded the case to the trial Court/Appeals Court for-
it to consider : (1) " Wether the defendant was in fact denied her/his right to
due process of law";and (2) "Whether dismissal was[is !] the appropriate means
to neutralize the taint of the Constitutional Violation of law".Id.
                                III.
A) RESPONDENT(s) has adopted baseless and unfounded Responses by **Sharen Wilson,
Frieda McMillin**,and **Andrtea Jacobs**,"as if for **Eddie D.Baker**,failed to Comply -
with the certification requirements for this Relator's appeal and there proced-
ures taken are with a substantial defect-that deprived the habeas corpus Court
and its judge or intruder of jurisdiction over this case sub judice,and jurisd-
iction can not be retroactively obtained".**State V.Riewe**,13 S.W.3d 408,supra(Tex.
Cr.App.2000)(this Court did not allow the PROSECUTOR to amend its appeal):**State
V.Muller**,829 S.W.2d 805,supra(Tex.Cr.App.1992)(the STATE'S notice of Appeal mu-
st be filed within 15-days in order to invoke the jurisdiction of the Appellate
Court).However,whether the illegal third party interveners or the habeas judge,
ARTICLES 27.08(4),or & 44.01 does not preclude this Relator from filing a peti-
tion for a writ of mandamus to correct judicial action that is clearly contrary
to well-settled law,whether that law is derived from a statute,rule, or Opinion
of a Court.e.g.,**State ex rel.Healey V.McMeans**,884 S.W.2d 772,supra(Tex.Cr.App.-
1994).Relator's notice to with draw his unlawful and illegal quilty plea,as in-
coerced and induced is an appeal for jurisdictional defects,and Article 44.39-
(TCCP) can be applied too,because the Relator in this habeas corpus case is de-
tained by a person other than an Officer,and thus,the Sheriff of Anderson County
of the State of Texas,that must recieve the mandate of this Appellate Court,who
commands that an immediate cause of action be to the person so held to be dis-
charged ,and-that[sic] " the mandate **Shall** be sufficient authority therefro".Id.
B) In this instant cause of action,this Court of criminal Appeals can hold that
**Relator** has shown that **he** has no adequate remedy in law to compel the habeas -
Court's judge or intruder,to issue an Order and issue the writ of habeas corp-
us to the right legal person holding Relator unlawfully against **his** will,and
to issue an ORDER that all or any amicus or illegal third party's briefing fil-
ed in this Case at bar,be STRICKEN from the record.Mainly because *No* authori-
zation has been n ed for permitting Third Party's illegal motions or brief-

Response-as-an answer on the stationary of -A-"STATE in opposition and is - holding herself or their selves out as an attorney under **Amicus Curiae**, as if for **Eddie D.Baker**, and **his** business with the Texas Department of Criminal Justice. This intervener'(s) briefing is not legal, and it should be beyond the scope of any reasonable interpretation of the role of amicus curiae and is nothing more than an advocacy by unathorized attorneys on behalf of their/her alleged Clients...which are responses being presented for improper, illegal purposes, such as to cause impediments and obstruct the due course of justice. This said - impediment is contrary to Article I, § 16 of the Texas Constitution, and is applicable to this case at bar, as it precludes the interfering with contracting rights, and precludes the hinderance of liberty interest vested rights under - legal and substantive(rights ) due process of law and the Equal protection of the law. Any Predepositive Court order would be a nullity, and void, as it impairs- and interfers with Relator's obsolute rights to obligations of contracts- and negotiations. See **Harkins V.State on Behalf of Texas**, 773 S.W.2d 401, 403-04, - n.1-3, 4-5(Tex.App-Houston [14th Dist.] 1993), citing **Alford V.City of Dallas**, - 738 S.W.2d 312, 318, ante III & N.7:

> "Texas Constitution, Article I, § 16, expresses-that there **shall** be no laws- passed of Bills of Attainder.Ex post Facto, [n] or retroactive laws".Id.

See also the **Fourteenth Amendment, § 1's Clause**(citation omitted).
Then indeed, in the American Judiciary systems, the Executive Branch, and the Congress are alike and the[ir] totality of power is denied to either the National or the State governments or and to any component part of [Our] federalism.Also see Articl I, § 9, subsection 2 & 3, can be found to be inaccord with Article I, § 12 of the Texas Constitution and Article 11.07, § 3(b)(TCCP).Thus, the State of Texas People do have a Statutory and Constitutional rights to the privileges - of the Writ of habeas corpus-issuance against procedural of arbitrary judicial directives, for the[ir]purpose of Bills of Attainder, but prohibited by the laws of the Land.Ibid...And see **U.S.V, Frady**, 456 U.S.152, 163, n.14(1982)(citation omitted).Mandamus against the Respondent(s) is to cure deviation from the legal - rule -that- is error of law and in this Case sub judice, said noted errors have not been waived by Relator.And **his** Court appointed State defense Counsel had - no legal authority to waive such plain errors of law.Not even with Relator's - or Counsel's Consent.As they are errors of none-waivable, nor can they be forfeited.e.g., **Keeter V.State**, 105 S.W.3d 137, 142, n.8-9, & n.10-12(Tex.App.-Waco 2003), citing **Marin V.State**, 851 S.W.2d 275, 279, 280, 281-82(Tex.Cr.App.1993).
It follows, that "this is not a question of evidence but of subject-matter jurisdiction. **Coleman V.State**, 918 S.W.2d 37-38, 43(Tex.Cr, App.1996); **State V.Moff**, - 154 S.W.3d 599, 601, n.1-2(Tex.Cr.App.2004).This Case will always be uncorrected and void untill corrected in the interest of justice, and whether illegal or improper jurisdiction, the tolling of statute of limitation will be authomatically applied, so there is no statute of limitation for fraud-upon-the-Courts. **Parter V. Cumming**, 216 S.W.3d 905, 908, n.2(Tex.App.-Eastland 2207)(same); **Davis V.State**, 227- S.W.3d 733, 736, n.1-3(Tex.Cr.App.2007), "lack of subject-matter jurisdiction, as Court' document[indictment]not purporting to be a charging instrument".Id.
See also **Brown V.Edwards**, 721 F.2d 1442, 1448(5th Cir.1984), "probable Cuase - -

issue in civil action not barred by Prisoner's prior quilty plea when not – actually litigated in prior proceedings;since illegal arrest & no valid warrant existed,and thus,mandamus was available):**Rooding V.Peters**,92 F.3d 579-80-(7th Cir.1996)," Action to recover damages for UNCONSTITUTIONAL incarceration-did not accure **Untill** Prisoner prevailed in mandamus action and,thus,Writ of – mandamus not res judicata,where violations accured in prior litigation".Id. However,these cited and invoked cases all hold that the present issue can be raised at any time,or any stage of a civil action proceeding,and those said – cases simply cite to their antecedents with established Constitional and statutory authorities for the proposition that a jurisdictional defect can never – be cured by procedure default,or abuse of the Writ act.**Hamilton**,supra,172 F.2d at 183-84:**Garcia V.Dial**,596 S.W.2d 524,52528,n.6,9,19,20 & 530(Tex.Cr.App.1980). This Texas Court of Criminal Appeals has jurisdiction to issue a Writ of Mandamus in this cause sub judice,pursuant to Article %§,5Aof the Texas Constituion and pursuant to Article 4.04(TCCP).

Wherefore Pemises Duly considered,the relief sougth by Relator to prohibit illegal third Prty's brief from being adopted,nor acted upon,and instruct the trial Court's habeas judge to strick,and stricken **Sharen Wilson's,Andrea Jacobs** and or **Frieda McMillin's** brief-ed motion,and it's attached Order,but stricken from the record as unlawful,illegal motion practice,and to then and there sua sponte its Order to serve the correct and legal habeas corpus RESPONENT(**Eddie D.Baker**)-according to Texas rule of Civil Procedure,& Texas Rule Of Appellate Procedure aforementioned-within (14)days of entry of its Order;and any other relief this Court of Appeals justices find deem and necessary.To meet the ends of justice. may said Court's justices keep consideration Relator's motion for sanctions under both federal and State laws-advisement during the pedency of this civil action – sub judice.     Executed This 3/4day of July,2015.~ 2015

Respectfully Submitted, Joe Zavala
Joe-John-Zavala #01310271 --

An inhabitant of the Mark Wayne Michael;Unit,2664 F.M.2054,Tennessee Colony,Texas-located In Anderson County,of the State of Texas.75886.And as a Relator,I have submitted My--**Legal Affidavit of Truth**--And Certificate of Service....

I,John(actually Joe !!)Zavala,am herein declaring and stating under statutory laws,and Civil laws of Texas,otherwise I affirm under penalty of perjury,that I have read these statements of mine for a writ of mandamus,and that because of My poverty,I can not pay or prepay the docket fee,costs for said mandamus.I believe I am entilted to redress of My petitions in the above styled,caption and numbered cause,case or and civil action.Inwhere,I have read My own attached petition for a Writ of mandamus,and swear that the above allegations/accusations of fact contained therein are true,accurate,correct,and complete to the best of my knowledge, and resourses.My affidavit hereintoo,sould also be considered as specifically incorporating by reference as the facts stated in My writ of habeas corpus application,and its attached memorandum of law,along with all my exhibits,insupport of – the facts asserted in this writ of mandamus petition,that are not specifically – addressed herein,and are such facts being reported to the appellate Court,as those facts in the habeas petition,may not appear from the District Clerk's record. This Affidavit of Truth is made on information discovered in my trial records,and thus,I swear under penalty of perjury,pursuant to Tex.Civ.Pract.& Rem.Code,§§ 132. -001-132.003;18 U.S.C.§ 1621;29 U.S.C.§ 1746. Joe Zavala.I have also provided-the trial Court's presiding judge a copy of the same,by U.S.Postal Services on-the 3/4day of July,2015.      Joe Zavala      7/31/2015

Relator/Applicant-Pro Se

NO. C-396-010512-0943395-D    TIME_____

BY_____ DEPUTY

| | | |
|---|---|---|
| EX PARTE | § | IN THE 396th JUDICIAL |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| JOHN ZAVALA | § | TARRANT COUNTY, TX |

## STATE'S RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE STATE OF TEXAS, by and through its Tarrant County Criminal District Attorney, and in opposition of the Application for Writ of Habeas Corpus respectfully states the following to the Court based on its information and belief:

## I. HISTORY OF THE CASE

The applicant, JOHN ZAVALA ("Applicant"), pled guilty, pursuant to an open plea, to the offenses of first degree felony arson and first degree felony burglary of a habitation on June 7, 2005. *See* Judgment, No. 0943395D; Written Plea Admonishments ("Admonishments"), No. 0943395D, p. 1. The court assessed punishment at two concurrent terms of confinement for forty-five years in the Texas Department of Criminal Justice – Institutional Division. *See* Judgment.



1

The Seventh Court of Appeals affirmed Applicant's conviction on December 2, 2005. *See Zavala v. State*, No. 07-05-0250-CR, 2005 WL 3272364 (Tex. App. – Amarillo, Dec. 2 2005, no pet.) (not designated for publication).

On January 10, 2006, Applicant's first and second applications for writ of habeas corpus were dismissed as premature as Applicant's direct appeal was pending. *See Ex parte John Zavala,* Nos. WR-63,888-01-02, Nos. C-396-007542-0943395-A, C-396-007453-0943395-B (Tex. Crim. App. Jan. 10, 2006) (White Card).

On August 30, 2006, Applicant's third application for writ of habeas corpus was denied without written order on trial court's findings without a hearing. *See Ex parte John Zavala,* No. WR-63,888-02, No. C-396-007765-0943395-C (Tex. Crim. App. Aug. 30, 2006) (White Card).

## II. APPLICANT'S ALLEGATIONS

Applicant alleges his confinement is illegal because (1) the trial court lacked subject-matter jurisdiction. *See* Application, p. 6-7.

## III. NECESSITY FOR AN EVIDENTIARY HEARING & EXPANSION OF THE RECORD

There is no need for an expansion of the record. The State submits that the record before the trial court is sufficient to resolve Applicant's grounds for relief. Applicant need **NOT** be brought back to Tarrant County for a hearing.

## IV. ARGUMENT AND AUTHORITIES

### A. Applicable Writ Law

In a habeas corpus proceeding, the burden of proof is on the applicant. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977). An applicant "must prove by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001). In order to prevail, the applicant must present facts that, if true, would entitle him to the relief requested. *Ex parte Maldonado*, 688 S.W.2d 114, 114 (Tex. Crim. App. 1985). Relief may be denied if the applicant states only conclusions, and not specific facts. *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex. Crim. App. 2000). In addition, an applicant's sworn allegations alone are not sufficient to prove his claims. *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).

### B. Applicant's application should be DISMISSED because the application fails to allege sufficient specific facts to overcome the subsequent writ bar.

Applicant argues he can file this subsequent application because he did not discover the issues until he received the trial transcripts. *See* Application, p. 3. However, that is not a permissible exception. The Code of Criminal Procedure provides that:

> (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based

3

on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

(b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

(c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

Tex. Code Crim. Proc. Ann. art. 11.07 §4.

The purpose of this statute is to limit a convicted person to "one bite at the apple". *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). This statutory provision also bars the litigation of claims which could have been formulated at the time of the original application for writ of habeas corpus. *See Ex Fontenot*, 3 S.W.3d 32, 34 (Tex. Crim. App. 1999).

Because Applicant's claims are based on the trial record, the factual basis for his claim was available on or before the date he filed his first application. Likewise,

4

Applicant's claims are based on well-founded legal principles which existed at the time he filed his first application. *See* Application; Memorandum. Finally, Applicant presents no evidence that he is actually innocent. *See* Application; Memorandum. In order to prevail on the exception that no rational juror would have found him guilty, an applicant must make a prima facie showing that he is actually innocent. *Ex parte Brooks*, 219 S.W.3d 396, 401 (Tex. Crim. App. 2007). Therefore, Applicant has failed to present sufficient specific facts to overcome the subsequent writ bar. Tex. Code Crim. Proc. Ann. art. 11.07 §4.

Thus, this application should be **DISMISSED AS A SUBSEQUENT APPLICATION.**

## V. CONCLUSION

Wherefore, premises considered, the State prays that this Court recommend that Applicant's application be **DISMISSED AS A SUBSEQUENT APPLICATION**.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County

_____
Andréa Jacobs, Asst.
Criminal District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:      817/884-1687
Facsimile:  817/884-1672

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Applicant, Mr. John Zavala, TDCJ-ID# 01310271, Mark Wayne Michael Prison Facility, 2664 FM 2054, Tennessee Colony, Texas 75886 on the 23rd day of July, 2015.

_____
Andréa Jacobs

## CERTIFICATE OF COMPLIANCE

I certify that the total number of words in this State's Response is **1235** words as determined by Microsoft Office Word 2010.

_____
Andréa Jacobs

6

## NO. C-396-010512-0943395-D

EX PARTE                                §        IN THE 396th JUDICIAL
                                        §
                                        §        DISTRICT COURT OF
                                        §
JOHN ZAVALA                             §        TARRANT COUNTY, TX

## ORDER

The Court finds that the application of JOHN ZAVALA ("Applicant") does not meet the requirements for consideration as a subsequent application for writ of habeas corpus and recommends that it be **DISMISSED AS A SUBSEQUENT APPLICATION** pursuant to article 11.07§4 of the Texas Code of Criminal Procedure. The Court further orders and directs:

1.    The Clerk of this Court to file this Order and transmit it along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2.    The Clerk of this Court to furnish a copy of the these findings to Applicant, Mr. John Zavala, TDCJ-ID# 01310271, Mark Wayne Michael Prison Facility, 2664 FM 2054, Tennessee Colony, Texas 75886 and to the post-conviction section of the Criminal District Attorney's Office.


SIGNED AND ENTERED this _____ day of _____, 2015.


                                        _____
                                              JUDGE PRESIDING

RECEIVED
JUL 23 2015
BY: _____

C-396-01051 2-0943395-D

Case No. _____
(The Clerk of the convicting court will fill this line in.)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUL 09 2015

TIME _____
BY _____ DEPUTY

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Joe Zavala(aka-John Zavala)

DATE OF BIRTH: _____

PLACE OF CONFINEMENT: Mark Wayne Michael

TDCJ-CID NUMBER: 01310271        SID NUMBER: _____

(1)    This application concerns (check all that apply):

☑    a conviction                    ☐    parole

☑    a sentence                      ☐    mandatory supervision

☐    time credit                     ☑    out-of-time appeal or petition for
                                           discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       396th District Court .Tarrant County Texas

(3)    What was the case number in the trial court?

       0943395D(for C-396-007542-0943395-A;C-396-007543-B)

(4)    What was the name of the trial judge?

       George Gallagher

1

Revised: September 1, 2011                                          ATC-11.07

I.J.Z.

7002 3150 0004 5548 2247

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

Ray Hall Junior

**(6)** What was the date that the judgment was entered?

June 7th, 2005

**(7)** For what offense were you convicted and what was the sentence?

allegedly Arson

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

N/A

**(9)** What was the plea you entered? (Check one.)

☑ guilty-open plea     ☐ guilty-plea bargain
☐ not guilty     ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

**(10)** What kind of trial did you have?

☑ no jury         ☐ jury for guilt and punishment

☐ jury for guilt, judge for punishment

**(11)** Did you testify at trial? If yes, at what phase of the trial did you testify?

N/A

**(12)** Did you appeal from the judgment of conviction?

☐ yes        ☑ no — Now I do!

2

Revised: September 1, 2011             ATC-11.07

2.J.Z.

If you did appeal, answer the following questions:

(A)    What court of appeals did you appeal to? _____ N/A _____

(B)    What was the case number? _____ N/A _____

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name: _____ N/A _____

(D)    What was the decision and the date of the decision? _____ N/A _____

(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)    What was the case number? _____ N/A _____

(B)    What was the decision and the date of the decision? _____ N/A _____

(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☑ yes                    ☐ no

If you answered yes, answer the following questions:

(A)    What was the Court of Criminal Appeals' writ number? _Una Vailable_

(B)    What was the decision and the date of the decision? _ena Vailable_

(C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

As I proclaim Ray Hall Jr,as Counsel suppressed these issues I rraised herein as constructive breach of fiduciarv duty andlegal malpractice bv said State Of Texas Court Appointed Counsel.But once I recieved Mv trial transcripts,T was blessed to have a sui juris inmate discover such fraudulent induced mentment was used to coerced Me into being I could be tried on such void indictment I depended on counsel for his legal training to file a motion to quash the indictment or and challeye the trial Court's subject-matter jurisdiction over said cause of action aqainst Me.

3

Revised: September 1, 2011                    ATC-11.07

3.J.Z.

So Ray Hall Jr and the prosecutor intentionally failed to disclose suc exclupatory facts of evidence. See Mv attached but separate memorandumof law and facts in support of this application.

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☑ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____ N/A _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_First this writ to_
_Vacate conviction / sentence_
_then, as an alternative,_
_if needed_

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

Revised: September 1, 2011                                    ATC-11.07

H. J.Z.

**If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.**

**You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.**

I as an Applicant Appellant have preserved My obsolute rights to raise the issues I proclaimed within My separate but attached Memorandum of findinas of facts and Conclusions of law.as none-waivable.nor can thev be forfeited bvCounsel-Rav Hall Jr,as fraud vitiates all contracts/indictments/judgments and thus,I bring contentions to challenge the trial Court's and it's judge's jurisdiction-over cause#0943395-D(intertwined with cases#C-396-007542-0943395-A: C-396-007543-0943395-B) .I state that I reserve the right to amend this designateon so as to not have waived any errors of law preserved in thetrial Court. therefore,I incorporate by reference My separate but attached memorandum of law(findings of facts and conclusions of law,and it's Order),along withall supporting documents,including My supporting exhibits,Points,arguments,and authorities raised within my ground oen error of law.as if set out entirely herein,for the purpose of this Application for issuance of the writ of habeas-corpus,ad testificandum,and on further basis of testimonv,evidence-to be adduced.on a de novo or/and evidentiary hearing in connection and anticipation to be heard with thia Application for a writ of habeas corpus,hereby moving this Texas Court of Criminal Appeals to set aside the judgment as void ab initio,that was illegally rendered against me for Arson.But that incorporated bv reference memorandum is made for the purpose of this appeal of mine,submitted contemporaneou: ly herein.

5

**GROUND ONE:** Error of Law: There Is NO-Extant True Bills of Indictment, Judgment Is Void for TrialCourt Lacked Subject-MatterJurisdiction.

**FACTS SUPPORTING GROUND ONE:** The Court Appointed, State defense Counsel Mr.Ray Hall Junior, Committed intentional constructive breach of his fiduciary duty, andobligations, and thus, his representation was malpractice of law, when he abandoned his duty to file any kind of meaningful motions to challenge the trial Court's accepted void indictment.Such as notice t include and Augment the record with a motion to quash indictment, to set-indictment aside:discovery, and disclosure:with Bray V.Maryland(Law)in-suport.Among other types ofmotions to compel the Prosecutor to disclose all favorable evidence.Since the indictment used by the Prosecutor is not a Grand jury Panel's true Bills of indictment.It is a fraudulent and forged indictment issued by the Prosecutors and their Office of Business Officials.However,Hall had a duty to investigate the cause of action under# 0943395 D(intertwined with cases#C-396-007542-0943395-A:C-396-007543-0943-395-B).Counsel did not do his job and his performance was an intentional-abandonment of his legal abligations to protect My civil rights under our United States Constitution,and that of the Texas Constitution as well.Sinc the trial Court's judge never actually acquired competent or exclusive,nor original jurisdiction over said cause/cases or citations,jurisdictional -Provisions also removal jurisdiction over the Parties from said trial Cour in fact,it must also remove any appointed motions for Court appointed Coun sel and his alleged filed motions,'if any-?'.for My defense.Thus,My inducec and coerced guilty plea was notknowingly,intelligently,and voluntarily gi-ven,and therefore,void ab initio.I never actual recieved real notice of -the nature of the charged offense sought against Me-by the Prosecutors.-judge,and defense counsel.Hall knew,as a trained lawyer,I was unlawfully illegally charge-d.But he refused to challenge the warrantless arrest & and the lack of probable cause.These statements of Mine are to be incorpora ted by reference to My attched meorandum of law.Along with My exhibits and any or all pertinent documentation in connection with My trail Court's case inchief.As part of My want of jurisdiction ot My plea for jurisdiction mac herein insupport of my 17-page brief submitted as my memorandum of law. I reserve My rig right to amend this designation so as to not waive any pertinent colorable claims/issues on appeal sub judice.

6

6. J.Z.

**GROUND TWO:** *Reserved*

**FACTS SUPPORTING GROUND TWO:**

Revised: September 1, 2011   ATC-11.07

*J.J.Z.*

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT
RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

10

Revised: September 1, 2011                                                    ATC-11.07

# VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information." pursuant to Texas Civil Practice & Remedy Codes. §§.132.001-132.003.

## ~~OATH BEFORE A NOTARY PUBLIC~~

STATE OF TEXAS

COUNTY OF Anderson

_Joe Zavala_, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true." pursuant to Texas Rules of Civil Practice & Remedy Code,§§ 132.001-132.003.-

_____
Signature of Applicant / Petitioner (circle one)
Affiant -Applicant-Pro Se capacity.

SUBSCRIBED AND SWORN TO BEFORE ME THIS _6_ DAY OF _21_ ,20 _15_

~~Signature of Notary Public~~ Pro Se
Affiant-Applicant Pro Se

11

## PETITIONER'S INFORMATION

Petitioner's printed name: Joe Zavala(John Zavala-aka)

State bar number, if applicable: TDCJ#01310271

Address: Mark Wayne Michael Prison Facility
2664 F.M.2054,Tennessee Colony,Texas75886
(Anderson County Texas)

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

Pursuant To Title 6.Chapter.132:§§132.001-132.003 of the Texas Civil (Rule)Practice.& Remedy Code,1 _Joe Zavala_ *

I, _Joe Zavala_, am the applicant / petitioner (circle one) and being presently

incarcerated in _Mark w Michael_, declare under penalty of perjury that, according to my belief,

the facts stated in the above application are true and correct.

Signed on _Joe Zavala_ ,20 15

6-21-2015

_____
Signature of Applicant / Petitioner (circle one)
Affidavit of Applicant-Affiant-Pro Se

12

J.Z-12-

## PETITIONER'S INFORMATION

Petitioner's printed name: Joe Zavala(aka John Zavala)

Address: Mark WayneMicaelUnit.2664F.M.2054,
Tennessee Colony,Texas 75886
TDCJ#01310271

Telephone: _____

Fax: _____

Signed on ___6 - 13___ , 20 15

___Joe Zavala___ X
Signature of Petitioner
Affiant-Applicant-Pro Se capacity

13

ATC-11.07

13. J.Z.

Into The Texas Court of Criminal Appeals,And its Justices
Supreme Court Building,201 West 14th Street,Room 106-
Austin    Texas    78701.....

Joe  Zavala Pro Se,
Petitioner/Applicant,
 Versus,
Eddie D.Baker(sucessor),
Senior Warden over the-
Mark Wayne Micael Unit,
Miles Brissette(ADA)&-
Nicole Nickols(ADA)et al,...
Tim Curry,Chief DA,et al
 Appeallees/Respondence(s)

Appeellant's trial Court is from the
 396th District Court cf Tarrant
County to the State of Texas,tried
 under citation#0943395D;0943395D

Applicant's Memorandum Of Law In Support Of Applicant's Proposed Findings
 of Facts,Conclusions of Law And Order,Attached,As A Separate Documentation
To Applicant's Application For A Writ of Habeas Corpus;Plea For Jurisdiction

To The Texas Court of Criminal Appeals,and its Justices,Trial Court's judge,and
Respondents,Please Take Judicial Notice,and Let-there be Understanding:

Now Comes,John Zavala,Petitioner-Applicant hereinafter,and in Pro Se Capacity,in
the above,styled,Caption and numbered Cause,Case and Civl Action, **brings** [t]his-
Application for a writ of habeas corpus,ad testificandum,with [t]his attached,bu
separate submitted and filed Memorandum of findings of facts and conclusions of
Law,and their attached Order for the covenience of the Courts aforementioned,pur
suant to Article 11.07,§§ 1 2 & 3(a),(b) & 4(a)(1),(2),(c) of the Texas Code of-
Criminal PROSECEDURE ,and Your Applicant pleads for this said Courts to take jud
icial notice,pursuant tö to Rule 201(a),(b),(c),(*d),(®e),(f) of the Texas Rule-
of evidence,that exercise of judicial Authority can be held under Article II,§ 1
And Atricle V,§5A of the Texas Constitution,as well as Article I,§ 9,Clause 2 of
the United States Constitution of America,"that the 396th District Trial Court -
and its presiding trial judge did not have legal proper,nor exclusive jurisdict-
ion over the subject-matter,and Party(s) of interest,and thus,can not have had-
authority to render any judgment other than one of dismissal,**Garcia V.Dial**,596 S
W.2d 524,528(Tex.Cr.App.1980);**Curry V.Wilson**,853 S.w.2d 40,,43,n.1,& 45(Tex.Cr.-
APP.1993);**Jones V.STATE**,979 S.W.2d 662,656-57,n.2-59(Tex.Cr.App.1998).And Insup-
port of [t]his Memorandum brief,Appellant would Respectfully show the said Court
(s) the following reasons for Judicial relief:

### I.A.
Unlawfully-And-Illegally-Confined and Restrained of His Liberty

Appellant is presently unlawfully and illegally confind and restrained of his Li-
berty by Eddie D.Bker,acting in his Official capacity as senior warden,under the
Texas Department of Criminal Justice,under Brad Livingston,exective Director,over
all **Correctional** Institutional Divisions,as the Mark Wayne Michael Unit,where Your
Appellant is unlawfully held against his will,pursuant to an alleged Conviction -
of Arson (allegedly)involving a habitation and burglary with intent to commit Ar-
son.But as no indication that A Texas Penal Code was referenced in the alleged -
indictment,-next to the implied charge, the indictment or information therefrom,-
is legally insufficient with the [un]specific intent to commit Arson and or burg-
arly with the intent to comite Arson,as there is no pleading that states that Ap-
pellant also,attempted,in the same criminal[alleged] transaction,to unlawfully &-
intenentionally and knowingly  started a fire,which acts amounted to more than -
mere preparation that tended but failed to effect the commission of the offense -
intended..However,**Ray Hall Junior**,a State Cout appointed counsel for Appellant,-
intentionally cocered and induced,Appellant's consent to plead quilty to those  -
defective and void notices in the information implied in the indictments or inst-
ruments called indictments presented to the 396th District Court of or to Tarran
County,of the State of Texas.Then,as the indictments are presumptiously fatally
derective,the trial Court's judge,George Gallagher,- - could not have affirmativ
ly found that there existed One or Two enhancement Count(s) notice(s) in the --

1.Case.

(H.J.Z.)

indictment, are not true to whatever those Counts or actually, paragraphs to — have Pleaded to. But nonetheless the judge proceeded to sentence Applicant to a substantial amount of 45-years[on each paragraphs] incarceration with the Texas DEPARTMENT of Criminal Justice-Correctional Institutional Division....Hence, — Eddie D. Baker is the Custodian(unless successor took place) of record-Whom the — Writ of habeas corpus is to be served to, as process of service upon the **Person** who holds [your] Custody[illegally & unlawfully]of the Prisoner-Applicant Restr-ained of his liberty. e.g., **Padilla V. Remsfeld**, 352 F.3d 695, 709(2nd Cir.2003), cert Granted,____U.S.____,124 S.Ct.1353,1358(2004); **Rumsfeld V. Padilla**, 542 U.S.426,124 S.Ct.2711(2004)(same); **Hamdi V. Rumsfeld**, 542 U.S.507,124 S.Ct.2633(2004); **Rasul V.-Bush**, 542 U.S.466,124 S.Ct.2686(2004); Texas Rules of CiViL Procedure,106 & 21a;-28 U.S.C.§§ 1821,2254(5)(c)." Thus, the writ of habeas corpus does not act upon the Prisoner but upon the Officer-Custodian Who holds the prisoner." Id.

## II.A.
## STATEMENT OF APPELLATE JURISDICTION AND
## SUBJECT-MATTER AND PARTIES OF INTEREST Under Suit

This Texas Court of Criminal Appeals has original or and exclusive jurisdiction over the subject-matter, cause of action, case and parties of interest and can thus determine the quilt/innocence and the sentencing of this former defendant, turned Petitioner-Applicant on appeal, were such due consideration and determination are entrusted exclusively to this said Appellate Court's justices, as members of the Texas Judiciary, pursuant to Article V,§ 5A of the Texas Constitution; Article I — § 9,Clause 2 of the United States Constitution of America. So as too implement — Article 11.07,§§ 1,2 & 3(a),(b) & 4(a)(1),(2),& § 5; Art.4.01(1),(3),(4),4.04§1 — & 2 of the Texas Code of Criminal Appeals: also **Ex Parte Young**, 418 S.W.2d 824, 826(Tex.Cr.App.1967);Cf.**Jones V.State**, 979 S.W.2d 652,656-657,n.2-5(Tex.Cr.App.19 98); **Mendian Resourses Inc.V.Colley Gin Co.**, 430 S.W.2d 372,supra(Tex.1968).Beca-use both transcripts and statement of facts must be timely filed to confer the Jurisdiction on the Appellate Courts, it should Order its Chief Clerk to prepare the[ir]Reporter's Record, transcripts and statement of facts under cause number C 396-007543-0943395-B 7/C-396-007542-094335-A & number 0943395D(both charges are in a single Count for alleged offenses, in the void indictment, as duplicitous)-as causes for preparation of the Clerk's Records in designation specifying the (s) legal matters to be included as thee **entire** Clerk's record on appeal once tra-nsmitted, 'as written materials,'-made in questions and answer forms too, pursuant to Rule 20.01(a) & (g),& 20.2; Rules 34.5(a)(2)-(10) & (12)-(13) & 34.5(b),of the Texas Rules of Appellate Procedure. So that all transcripts, 'pertinent to said --trial Court's Causes **shall** be included as cetified, verified, and authenticated materials in evidence/items. Including the entir. Grand jury Panel's Transcripts-of the witnesses statements of facts, evidence and any other materials submitted to the Grand jury, 'if any?', but that the trial Court be Ordered to disclose all-exclupatory evidence and or information regarding the alleged charges. Which App-licant invokes these designation, pursuant too the Authority of **Brady V.Maryland,** 373 U.S.83,87.83 S.Ct.1194,1196,10 L.Ed.2d 215(1963); **Holloway V.State**, 525 S.W 2d 165,supra(Tex.Cr.App.1975), and the Texas Code of Professional Responsibility DR-7-103: **Zanghetti V.State**, 582 S.W.2d 461(Tex.Cr.App.1979).Indigency "is a matter — of the Appellant's[DEFENDANT'S] financial status at the time of appeal, not at — time of trial." Id: Rule 20.1(g)(TRAP).

B). At Issue Is Applicant's Induced and Involuntary plea and the trial Court and-Acting trial judge had NO-subject-matter jurisdiction in the primary Case of — Cases sub judice :as the alleged indictments or and information therefrom were-not validly returned by a CONSTITUTIONAL composed Grand Jury Panel and were mor likely than not-forged by the Agent(s) of or for the district Attorney's Office. Hence, these issues presented on appeal involve the validity of the trial Court's judgment to the Convictions and their sentences, as void ab initio. For want of ju risdictio and of fatally defective indictment(s). For the fact that the instrumen (s) called indictment(s) are lacking most if not all the[ir]essential and ----



2.Case.

Constituent elements of the offense sought to be charged by the Prosecuting - Team.As in the case of **Hamilton V.McCotter**.172 F.2d 171,183-84(5th Cir.1985)(cases cited therein);Cf.**Garcia V.Dial**.596 S.W.2d 524,528(Tex.Cr.App.1980).Thus, Applicant has reserved these none waivable error of law;nor can these error of law be forfeited,not even with Consent.And in fact may be raised at any time - or at any stage of any appeal.Moreover,these errors of law have no statute of - Limitation barriers.No procedure penaltys apply to this type of case.Not even - the abuse of the Writ apply to this kind of plain errors of law presented herein-and which are complex and intertwined with many other Constitutional errors - of law,and are just a few of the **myriad** of factors the said Courts and judges - must consider as a matter of law and justice,in determining if your Applicant - will be allowed to represent **himself** on appeal of **his** issues stated above and wi 11 reserve **his** right to amend [t]his designation so as to not have waived said - errors or any plain errors of law preserved in the trial Court.e.q.,**Keeter V.Sta te**,105 S.W.3d 137,142,N.8-9 & n.10-12(Tex.App.-Waco 2003),citing **Marin V.State**,- 851 S.W.2d 275,279-80(Tex.Cr.App.1993)(among other cases);**Sickles V.State**,170 S. W.3d 298,301(Tex.Waco 2005,Order)( Gray,C.J.,dissenting opinion in orignal). Applicant submits **his** exhibit 1-A,and 1-B,as the void indictments used to induce or Applicant's Conviction(s) obtained by a coerced quilty plea-which was unlawfully induced,made involuntarily,and with out understanting of the nature of the al eged offense(s),as well as not understanding of the consequences of the plea—**Ray Hall Junior** was coercing Applicant to confess to.In fact,your Applicant had merely a third grade education back ground.Thus,defense counsel committed breach of - **his** fiduciary duty owed to **his** client,and refused to conduct any type of meaning**ful** investigation.Wrose yet,intentionally failed to see that the trial Court's le gal notices were in-compliance with the correct Pre-Trail hearing settings that - must comly with Article 28.01,§ 1(1),(4),(8),to comport with knowledgeable law',a ART.27..03(1),& (3);27.05(2);27.06;*27.08(3) & (4);29.09(1),(3) & (3);27.11 et - seq of the Texas Code of Criminal Procedure,on June 3rd,2005.Where and then Appl icant was cocered into Pleading guilty to the judge ,"as Applicant was- led to - believe"-he was accepting a 2 to 25-years sentence,for civil damages done to[ his his Own house,although regisitered in **his** common-law Wife's name.**Hall** insisted i going in fornt of a judge,supposely for a civil and domestic dispute proceedings THE JUDGE,**GEORGE GALLAGHER**,acting in **his** official capacity,was ready to commenc with hearing a guily plea for arson and alleged burgarly,of inhibation-where Ap licant lived too.So Applicant did not attempt to burlarize **his** own home.Applica was intoxicated,and inadverdently cause a fire in **his** own home,but as a result his and his wife's disputes for that day's incident in question.These are perti ent facts,but may be extrinsic.Since **Hall's** constructive breah of duty played a major role in not obtaining prior statements from the compelled wife-to testify a to who caused the fire.Had the judge took care of this case that day,(6/3/05),t out come and results would have been diffinitely different,and most mitigating

(16.J.Z.)                                    3.Case.

nature...But,in a bizzar turn of events,the Prosecutor,**Andrea Jacobs**,an assuming Assistant District Attorney(whether Criminal or Civil unknown) for **Tim Curry**,the (fromer) criminal district attorney for Tarrant County,in the State of Texas.....requested an unsuspected recess.This was inspite that Applicant had been informed that the judge would accept **his** quilty plea without hearing any kind of adversal or incriminating evidence-to damages to **his** and **his** wife's domain or inhabitantation.."Then,on 6/7/2005,an unexpected hearing was held with-**Jacobs** self serving adversal introduction of uncharged evidence...Evidence that is suppose to be on subpoenas,are to be issued ten-days before any preliminary or trial hearing,as under Art.24.01(a)(1),(2)(A),(C),(E),(b) & (d);24.02;24.03-(a) et seq;24.04(a)(1),(2),(4)(B),(b) & (C);24.15 et seq;24.17;24.18(TCCP)-these are provisions that were not had,but should have been implemented for procedure purposes.Inwhich the proceedings for which [a] witness is being subpoenaed within Ten or at least,seven days after the date the subpoena-would-be maild.Id at Art.24.04(a)(4)(B)...Thus,Applicant was surpriced to be in front-of another-individual-Person pending charges of her Own.**Ms.Lilly Luchmnn**(who was in a separate holing cell,but in the same trial Court's holding cell areas),and Applicant's estrange Wife(common-law)-**Ms.Keri Loveday**...Hence,there was no notiecs by the trial Court's Clerk,judge,Prosecutors,nor by **Hall** himself to [Me]Applicant.. What's even more bizarr,**Hall** had asked Applicant,"who was that witness in the other cell?"-rather than had asked the judge or and Prosecutor(s) when **Hall** discovered **it was** going to be a different set of proceedings-than that **that was** originally planed-out...Which was only three days later from the date Applicant wa to plead in open-Court on 6/3/2005...The illegily obtained evidence was to boost and enhance an inflamatory comments and remarks of made up **teroristic** threats by Applicant,or actually as falsely stated by **Jacobs**,as the Prosecutor...Thus,-without any prior notice of injecting adverse witnesses,is a legal due process violation,which requires prior notice of any type of litigation,as a right to prepare a defense is needed before any sort of judgment against an individual-"that he has[had]the opportunity to defend himself of any accusation or claim;that he has an opportunity to state **his** claim,or if the trial Court's judge knows anyboo that does ?-prior to any-adverse evidence being proffered !-and that he has ha a proper and lawful judgment by a jury of his peers or by an intelligent,Voluntary and knowledgeable waiver of obsolute,and Constitutional rights-not to answe By these Applicant's statement of factual Truth in these unprecedented set of c: rcumstances,it is evidently,that **Hall**,and **Jacobs** conspired,as trial Court's Off icials [lawyers],in acting out against Applicant's due process rights,and thus to defraud this Applicant,the trial Court's judges,and the public in general.. But to obtain an unlawful conviction and imposed an illegel sentence(s) See **Benson V.State**,224 S.W.3d 485,489-90(Tex.App.-Houston[1st Dist.],2007);**Oldham V.St ate**,977 S.W.2d 354,361(Tex.App.1998)( cases involved o/e failures to file claims of rights violated,on appeal,intentional cover-up of trail defense lawyer's --

(17.J.Z)                                    4.Case:

fraud engagements and intentional,failure by[Ronald G.Couch,appointed on 6/7-/2007-case#07-05-00250-CR,in the 7th Ct.App.Tex.] Appellate Court Appointed - Counsel to expose such fraud,and he himself deliberately failed to investigate or conduct some kind of minimal investigation into this case sub judice,actually examine the entire record,with his own extrinsic facts of evidence or would-be evidence upon appeals investigation,and then, research of the law and marshaling of arguments on this Applicant's behalf.Instead.Appellate Counsel too,abondoned his Client's colorable claims on appeal right now before this Texas Court of Criminal Appeals,and thus,Couch intentionally failed to file a motion for a new trial,at the very least-if not to arrest of judgment or to vacate the Conviction(s) for the trial Court's and it's judge,lacking subject-matter jurisdiction over the Case,and Person-Applicant,Joe Zavala(aka-John Zavala).A new trial was warranted"Id.at Benson,224 S.W.at489-90;Oldham,977 S.W.at 361....By both incompetent and breachers of their fiduciary duty-lawyers or liers at law.As the[ir]malpractice elected not to expose these said clerical errors of law in the[ir] charging documents that omitted not only the precise and specific innumerated reference of the correct statute allegedly applied,-"that must be grouped for a definite termology,but no criminal District Attorney endorsed its Official capacity authority-of consent,and applied none - of its alleged witnesses names on the void indictment.In fact,the omission go further,by facially not showing any alleged grand jurors names.WHICH ARE TO. BE AT least nine grand jurors to have concurred in the return of a real TRUE BILL OF INDICTMENT...Thus,Andrea,as PROSECUTOR,for judge Gallagher,failed to prove the essential and Constituent elements of the[ir]offense(S) sought to be charged-of this case.Inwhich - jeopardy had attached while these plain errors of law were visually discoverabl had either trial or and Appellate Counsels not turned a blind eye to such false pretense [on the high seas] under inexcusable injustice.Ex Parte Kirby,626 S.W. 2d 533,supra(Tex.Cr.App.1982),- "Jurisdiction cannot be substantially inviked;-it either attaches or it does not;ie encompasses the power and authority of the [trial] Court to determine all essential questions in the case;it must be invoked by legal-proper and completely stating an offense against the laws of the State of Texas and the test is not to be applied by hindsight;a defect in the Charging instrument relating to jurisdictional requirements cannot be cured by - subsequent proceedings in the Court and cannot be waived;judicial action without jurisdiction is VOID"Id;Garcia V.Dial,596 S.W.2d 524,528(Tex.Cr.App.1980)-

Jurisdiction may be concisely stated to be the right to adjudicate concern--- ing the subject-matter in a given case.Unless-the power or authority of a Court to perform a contemplated act can be found in the Constitution or laws enacted-there under,it is withou jurisdiction and its acts without validit Id;Cf.Davis · V.State,227 S.W.2d 733,736,n.1-3(Tex.Cr.App.2007)(same).

C)Ground One Error of Law:
Issue PRESENTED: There Is NO-Extant True Bills of Indictment,Judgment Is Void – For Trial Court Lacked Subject-matte Jurisdiction:

*(8.TX)*

5.Case.

Applicant relies on the facts within the alleged indictment,as argued - above,with statutory and case authority citations.As well as Constitutional violations of this Applicant's Rights.Since the Prosecutor(s) used deceptive - trade Practice acts to illegally and unlawfully obtain an unnecessary conviction.Such as **Miles Brissette,Nickols,and Brian BOUFFARD's abuse** of the Grand Jury Panel's independent powers,in the Texas Judiciary system,and,then used said **Andrea Jacobs**(with **TIM CURRY'S Title** as a party)to deny all that is raised in an abandoned appeal,by **Hall** and **Couch**( **Ronald Gordon Hall**),to wit:

"Applicant st.te.. **his** confinement is illegal(& unlawful) because the conviction imposed was obtained by use of coerced confession"-and the void indictment or its fatally defective information therein,speaks for itself.And the secound point was **HAL.** was ineffective.That is a one-hundered percent truth ! - because **Hall's** refusal to conduct any type-meaningful investigation into the - Applicant's case,or claims against him for unfounded charges,and no probable Cause found by a grand jury.As Applicant asserted above,there are extrinsic facts that would have mitigated his punishment,if the judge would have considered all that was left out.At least to have had implemented a grand jury,as a matter of Law,pursuant to Art.19.01 to 19.10;19.11,19.13,19.14,19.18,19.19 thur 19.26(a)- (b),19.29,19.33.*19.34,19.35,19,39; for verifying procedures under *19.40.19.4; (a) & (b);20.01;20.07;20.09;*20.17(a),(b),(c)(1) to (6)-all these provisions - are of the Texas Code of Criminal Procedure,and Art.20.17 is for how the Suspect or Accused is questioned before a real live grand jury panel.They,as one's Community's peers,will determine if such probable Cuase exist to warrant a criminal or Civil trial,and it is then,their decisions on what kind of punishment or damages need resolutions.But,these statutory laws are in placed to conform-to the Sixth Amendment to the United States Constitution of America...And this fact is sustained under the **Supremacy Clause of Article VI, Which** states:

"That State judges are bound by the United States Constitution notwithstanding contrary state law...Since this has been read to confer upon - State Court judges the power of judicial review even over federal laws". See **Martin V.Huntre's Lessee**,14 U.S.304 L.Ed.97(1816),9( in part: It is the - Case,and not the Court,that gives the juirsdiction".Id...This contention was rejected by **Mr.Justice Story**,as **he** spoke for the Court...Since the State Court-has decided the Constitutional question originally.Ibid.e.g.,**Lott V.State**,18 - Tex.Civ.App.627(1885);**Rainey V.State**,19 Tex.Civ.App.479(1885),citedin **King V.-State**,473 S.W.2d 43,46,*48(Tex.Cr.App.1971),citing **Hollingsworth V.State**,87 Tex Cr.399,221 S.W.978-79(1920),cited in **Hamilton**,supra,172 F.2d at 183-84;**King V.State**,cited in **Ex Parte McCain**,67 S.W.3d 204,210--211,fn.2(Tex.Cr.App.2002),-"as in this case at bar.'if the defendant has not effectively waived his absolute rights to a valid indictment in full accordance with the [above]Statutory law/felony information,then such guilty plea is **void**".Id...Applicant's exhibit 1-A,and 1-B,are the Prosecuting TEAM's instrument called indictment,which it - visually,legally insufficient and void...The fact that Artcles 19.01 thr 21.04 are provisions designed for the security of the personal rights of the-

6.Case.

individual and were aptly placed under the proper heading.Id.at **King**.supra,473-S.W.2d at 51-52 & fn.**25;Cf.**Lacky V.State**,574 S.W.2d 97,100,fn.**8(Tex.Cr.App. 1978),in PART,AS IT IS RELEVANT,in pertinent part,"PRECEDENT"..."Has held that in the abence of a showing that the defendant upon entering a plea of quilty - **PERSONALLY** agreed to punishment recommended by the Prosecutor and agreed by the defendant's Attorney,the defendant could not be denied an appeal pursuant to - Art.44.02(V.T.C.C.P.-Supra,provides that a defendant who has pleaded quilty may only appeal with permission of the trial Court if the punishment assessed by - the Court does not exceed the punishment assessed by the Prosecutor and agreed to by the defendant and his attorney".Id...There are facts that should reflect- from the trial Court's record for this case at bar,"that applicant did not sig any offered documentation -of the Prosecutor's,because he did not understand - the nature of the Charges,and the actual cause of action.Inwhich the Prosecutor had offered a 25-years sentence.So contrary too **R.G.Couch**,Applicant could not - have understoold the nature of the Charges brought in one void indictment and, the only thing Applicant acknowledged was he would be pleading to a possible - 25-years sentence,because **Hall** threatened Applicant with a trial on the merits and Applicant would be facing life or 99-year ...The fact that all **Couch** did- was talk to **Hall** about whatever Applicant might of said,that was it ! hearsay- was **Couch's** only investigation. **Couch** acknowledges that in his false represe- ntation in his Proferred brief that is LABLED: "APPEALANT'S OPENING BRIEF"-CAU- se No.07-05-00250-CR-Appealing cause number 0943395D-One cause for two convict- ions !...Wrose yet,**Couch** falsely implies that Applicant's opening brief is who- lly Frivolous..Inspite that all that Applicant has truthfully presented herein- this case sub judice. Applicant further points to his induced plea bargin void instruments.One thur Six,do not contain Applicant's affixed mark/initials,nor- his signature.The only indicator is an-**X** in the box in page 2(of 11)-right next to "FIRST DEGREE FELONY";and on page 6(of 11),the judge,**George Gallagher's** sig- nature is the only agreed to the last **words**(EXHIBITS 1-C to 1-L incorporated) :
These admonishments were given to **this Accused**, on the aboven-noted date And another bizarr incounter,is on this same page 6,a scribeled name that was a person named Joe Zavalas,but below where the judge had already closed off his- Authority for those **stipulations from page 1 to 6**;and then We see page Ten and- That page is an exposition for PROBATION-APPLICATION...There is no CAPTION for a A-waiver of a jury trial,but its mentioned pursuant to Art.1.13(CCP -no Texas is cited for such initials,'maybe one must assume ?),but even that assumed code is imprecised and unspecific as Art.1.13 has three subsections for an actual term. i.e.,(a),(b) & (c)--This injustice was held under the three trail Court's Off- icers.-"**Ray Hall Jr,Miles Brissette,and George Gallagher**-but no defendant is - endoresing such waiver of trial.See page 10 !;and in page 9- the Judicial Conf- ession is indicating about guilty of each and every act as alleged therein-but not stating that the confessor is quilty of each and every essential and

7.Case.

(2oJz.)

Constituent elements of the offense or offenses **sought** to be charged by the Prosecutors...The fact that the judge relied on the Defense lawyer's hearsay for his Client,is a gross abuse of **power** and Usurpation of authority.Becuase it was the lawyer,**Hall**,who evaluated defendant as a doctor,and assured the judge that his client was competent or legally competent to have freely;inelligently[a 3rd grade level IQ,],knowingly and voluntary[while 9 months of false arrest]waived his rights...However not one page of Eleven state what are the legal claims inreference what a Texas penal Code violation,if any actually existed ? .See page 9 of 11,under the words:**JUDICIAL CONFESSION**...It serves no purpose whatsoever to have a lawyer to stand by as a staw-Man himself !!! -"All while his Client is in a sea of laws-overcriminalizing upon the incredibly broad-yet obssure crimes fabricated by **Brissette,Nickols and Bouffard**...Such as the Charge that does not exist under any chapter,-"burglary with intent to commit-Arson (although 30.02 is not cited in the void indictment,its implied-but again imprecise/unspecific,as 30.02 has 12-subsections to identify a particular defin-ition).Therefore,the Prosecuting Team's charging instrument,in the duplicicity, does not state,nor allege all the essential and Constituent elements of the[ir] implied offens(s) sought to be the charged claim of claims,and thus,the void in dictment presented to the trial Court and its acting judge was not by a real gr and jury panel,and could not have charged Applicant[person]with the commission-of an offense(s),e.g.,**State V.Martinez**,829 S.W.2d 365,366(Tex.App.-Corpus Christi 1992,aff'd 879 S.W.2d 54(Tex.Cr.App.1994);**McElroy V.State**,720 S.W.2d 490,-492(Tex.Cr.App.1986)(same);**Fisher V.State**,887 S.W.2d 49,56(Tex Cr.App.1994);**Cook V.State**,902 S.W.2d 471,477,& n.8,& ante III.infra(Tex.Cr.App.1995);**King**,supra,at 473 S.W.2d at 51-52,& fn.26;" holds that Art.1.141(TCCP)[as well as 26.13 (a)(1) to (4),(b) to (i); 1.14(a) & (b):1.13(a) to (c);1.15 et seq],supra-'impl ies that this said Authority confers the trial Court to have jurisdiction to hear the Cause,'if' there is a valid waiver of a real[Grand jury's] True Bills of Indictment"..Then **it** would merely mean that a valid complaint's information would act in lieu of or as a substitute for an indictment and it's validity is essential to the Court's jurisdiction"Id.at 473 S.W.2d at 51-52 & n.5,& fn.26-; **Lackey V.State**,574 S.W.2d 97,99-100,& **n.5 (Tex.Cr.App.1978).In this case at bar,the Applicant could not possibly have waived to be indicted by a Grand jury of his peers,because the said Prosecutors supposedly already had an indictment,-and the record for this case sub judice should reflect that there is abesence -of showing that defendant entered a plea of guilty personally agreed to the pur ishment recommended by the prosecutor and agreed by the defendant's Attorney(-consent).There is however a waiver of a jury trial between the prosecutor and -the alleded defense counsel ,cited in page 10 of the void plea bargin.But nct -any consential agreement by the defendant[Applicant].**Hall falsified** vague,and-ambiguous language within that lengthy ten-page-pretyped-prepared written plea Admonishment..That actually does not state what is waived as a right ?...It was an abuse of judicial power to assume **it** had subject-matter,and then accepted -

(21.VZ) 8.Case.

Applicant's [induced] plea of guilty,without making sure Applicant affirmatively waived a trial,while already [fraudulently]indicted,but that it be made-to-look as if waiving indictment to induce such void contractual agreement by Prosecutors and defense Counsel,as well as the judge,applying his own incorrect legal authority or misapplying the law inchief,as herein this case at bar,"inwhich no Court officer required that defendant or his Wife(estrange) establish the Truth of the allegations against Applicant,or as his Wife,setting party,as a condition for Applicant's consent...Since trials are primary about the Truth,and judges endorsed **consent** decrees[none-in-this case is revealed] are primarily about pragmatism..."Rethinking Presumed Knowledge of the law"Neither, of the three bench-trial Officers acknowledged the charged indictment or information were invalid-even though no criminal statute(s) was cited in pleadings written by the prosecutor and judge,for such harsh backed criminal penality of which presumebly included the two 45-years under the presumed arcane penal Codes...Applicant was never advised by the judge ,nor by written instruments of waiving his obsolute rights to a valid complaint,an admission that this [falsely]accused has been verbally explained about his rights to an actaual informed advisement of **his** legal duty(s) and moral obligations ,as for the nature of the charge(a person's culpability ),and that the instrument(plea bargin stiplutions)SHOULD INCLUDE it was filed amoung the papers of the cause(which cause#is not cited within the plea agreement between **M.Brissette**,et al,and **Hall's** goal...**Hall's constructive breacl** was the fatal blow to Applicant's legal innocence,and factual innocence to the void charges,as **Hall knew the presumption** of law is useful"If one is trained the law,but intentionally failed to provide legal advice to **his** client,this Applicant,so that that useful legal advse incentive would not benefit Applicant,as a Citizen to become inform -d of **his** rightful legal duties,and thus, a complete elimination of that-presumption of the law-is so that goal of **Hall's** and **ADAs** would become the[ir] perverse incentive to have Applicant remain in an **ignoranc** that would not immunize Applicant from **mens rea link in Culpability** establishment( ignorantia legis neminem excusat ).,,Hence,Applicant was,and is still not schooled-and-trained in the law,as a presumed lawyer would be-to know every criminal law,as **morality of law**..That requires laws to be among other things published ,understandable and not subject not constant charges...Otherwise Applican (as every one should)could have been talented as a lawyer,but that result hardly would have been feasible and desirable by the Prosecutors.**Jones V.Barnes**,463 U.S.753,756,103 S.Ct.3308,3316-17(1983),id.at 463 SU.S.756,& 3314;citing **Farett V.California**,422 U.S.806,834,848,95 S.Ct.2525,2540,2547,45 L.Ed.2d 562(1983). "INDICATIVE that the Attorney's **usurpation** of certian fundamental decisions can violate the Constitution"Id...Thus,whether a civil complaint was warranted or overcriminalization has deepen that danger of a dynamic in which Applicant wa charged with alleged crimes of a lot more punishment,while those who were doin the charging knew they had little skin in the outcome which to loss.Ibid.

(22.J2)                          9.Case.

**D)** The trial judge found it unnecessary to rule on the validity of the Indictment or its information or whatever information for examining it's own jurisdiction on it's own necessity.**Mosely V.Cozby**,813 F.2d 659,660(5th.Cir.1987); - **State V.Moff**,154 S.W.3d 599,601,n.1-2(Tex.Cr.App.2004).".An True Bills of Indictment or valid complaint in a criminal case is the main means by which the - Accused defendant stands trial and the only means by which a COURT obtains subject-matter jurisdiction,and is the jurisdictional instrument upon which the - Accused can be forced to a trial on the merits.**State V.Chatman**,671 F.2d 531,538 (KAN.1983);**Coleman V.State**,918 S.W.2d 38,39,43(Tex.Cr.App.1996)"Therefore,the **question** is not about evidence but about subject-matter jurisdiction"Id...

The Complaint and illegal and unlawful plea bargain imposed upon Applicant were the foundation of an Arbitraritor or an intruder and its acts that fell clearly outside the judge's subject-matter jurisdiction.Thus,since these said charging insruments are invalid,there ia a lack of subject-matter jurisdiction.Once the [valid] indictment is presented-jurisdiction is exclusive in the recieving Court unless legally transferred to another Court having concurrent jurisdiction.Tex.Code Crim.Proc.Ann.Art.32:01 & or Art.4.16..."The only mechanism for - transferring jurisdiction[Art.4.01(1) to (11);4.02,4.05,4.07] over the case.In where the secound accepts the case by issuing a formal Order of receiving.§:24 003(Tex.Gov't Code).Hence,the 396th District Court,Judge,**George Gallagher** purp orted to receive jurisdiction from an unkonwn selected forum or tribunal,as-a Texas Tarrant District Court,and wether there exist an Order of transfer,it is not reflecting in the trial Court's record,so as if to determine jurisdiction of that unknown selected forum's authority,if ever vested ?-on some particular date of entry,and when was an order of transfer signed ? by any acting - competent judge for or to the 396th District Couert...Regardless,Judge **Gallagher** and **his** Court never acquired jurisdiction over cause#0943395D[or as #C-396 007543-0943395;C-396-007542-0943395-both citation entered as one case under - one judgment under#0943395D] from whatever transfer Court or from **M.Brissette'** hands ?-these said Courts/judges must prove on the record,all jurisdiction:-facts related to the jurisdiction asserted...**Applicant** is assisted by a sui ju ris inmate paralegal,and makes an emphasis that once,as herein,jurisdiction is challenged,jurisdiction,cannot be assumed,it must be proven to exist.In fact, jurisdiction,once challenged,cannot be assumed,it must be decided.Mainly,the rule of law requires proof of jurisdiction to appear on the record of the adm instrative agency and all administrative proceedings.There is no disrection to ignore lack of jurisdiction.**Joyce V.U.S.**,474 2d 215;**Lantana V.Hopper**,105 F.2d 188;**Chicago V.New York**,37 F.Supp.150;**Stuck V.Medical Examiners**,94 Ca.2d 751,- 211 P2d 389:**Maine V.Thiboutot**,100 S.Ct.250;**Orner V.Scholala**,30 f.3d 1307-08(1 th Cir.1994):**New York Life Ins.V.Brown**,84 F.3d 137,142-43(5th Cir.1996)(same) **Ruiz V.Quarterman**,504 F.3d 523,527(5th Cir.2007)(same)."Where there is a Rule providing for relief from a void judgment,and is applicable,relief is not a

10.Case.

(23.J.Z)

discrectionary matter,but is mandatory"Id.(citing Rule 60(b)(4)(FRCP)-Rule - allowing a district Court to relief a Party of interest....from afinal judgmen because the judgment is void,and that is why no Appellate Court ot trial Court must not heitate to vacate a void judgment against [Applicant] **him** ,otherwise it would be a plain error of law to refuse to vacate and set-aside the judgmen under rule, Article 27.08(4)(TCCP).**Dennis V.State**,647 S.W.2d 275,supra(Tex.Cr. App.1983),"In Oder-to invoke jurisdiction of the trial Court it is **madatory** that the instrument state the necessary essential and Constituent elements of the offense sought to be charged"Id...In making a determination whether the charg- ing instrument states [ as opposed to alleged !] an offense,it must be read as a whole an.Otherwise an indictment or information that does not allege/state- all of **the** elements of a felony charged does not invoke jurisdiction of a dist- rict Court.**Ex Parte Eldridge**,572 S.W.2d 716,supra(Tex.Cr.App.1978).Thus,a Court may have authority under Art.1.141,et al,to hear a-case,but only if there be a valid waiver,and precedent has throughly expressed that "IT is well to bear in mind that a felony information acts in lieu of or as a substitute for an indict ment ans 'Its validity 'is therefore essential to the Court's jurisdiction"If - as in this case sub judice,the Accused-Applicant has not effectively waived **his** right to an indictment **in full** accordance with the statute[Art.19.01 to 19.10;- *19.40;20.19;20.20;20.21;20.22;21.01;21.02(1) to (9);21.03;21.04(TCCP)]the fel- ony information is void.**King**,supra,473 S.W.2d at 51-52,& n.**26;**Lackey**,supra,- 574 S.W.2d at 99-100,& n.**n.4;**Ex Parte McCain**,67 S.W.3d 204,210-210,fn.2(Tex. Cr.2002)(same ),id.at 214 & fn.7,15; "The trail Court[judge acting]performed an Action clearly out-side of any legal or judicial authority,which acts are bey- ond the Scope of Law and **'that'** **ULTRA VIRES ACT cannot** be recognized as a valid judicial act..The Law will not Validate **its** existance or performance...It is - in **Hoary Terms a void act**"Id...."In order to have charged-the commission of an- offense-the indictment not only had to be by a Grand jury,but **have** Stated eno- ugh so that the offense alleged-could have been legally identified...This woul have vested the trial Court with subject-matter jurisdiction.However,not only- did the charging instrument lacked **most,if not** all the essential and Constit- uent elements of the offense(s) implied,but Articles 1.14(b) & **27.08 do not** - **permit waiver of subject-matter jurisdiction**"e,g.,Cook V.State,902 S.W.2d at - 483 infra & 480,ante V.infra: Opion by Mansfied,J; I join the majority;I am tr- oubled,howver,by the failure of trial[defense]counsel to object to the error in the Charging instrument prior to trial,**given that the error was obvious..**Had [**Hall** objected] this been done,a substantial-amount of time and resources(both State and Appellant's) would have been saved and justice would have been bette served"Id...Thus,Applicant has shown egregious harm by Trial Counsel,**Hall's** br each of **his** fiduciary duty and obligations[legal],and is entitled to have the- trial Court and it's acting judge,to reverse and vacate it's conviction(s) and sentence(s)because the plea bargain consent[implied]was fraudulently induced -

(2 4.J.Z)                                    11.Case.

and the trial Court,with it's acting trial judge,lacked subject-matter jurisdiction to have accepted such void indictment or information therefrom;as well as the judge used unconstitutional guidelines,that deprived Applicant of his Constitutional guaranteed rights to a jury trial..Therefore,Applicant has shown how his United States Constitutional rights were **Violated** with the aid of Court appointed counsel,Mr.**Hall**,as **Hall** stold by while Applicant was being illegally and unlawfully sentence to two lengthy termed sentences of 45-years,in one signed judgment based upon information that had not been proven beyound a reasonable doubth that every essential and Constituent elements of the offense(s) sough to be charged were proven.As in **State V.Booker**,125 S.Ct.738,supra(2005). However,the trial Court's judge erroneously failed too carefully advise this Applicant of the nature of the real charges alleged against **him** and of **his** obsolute rights,including **his** right of a real Grand jury Panel's true Bills of indictment Since a valid waiver is a condition to the trial Court's right to acquire jurisdiction,it is a matter that cannot be waived...While most rights and procedural matters may be waived,jurisdictional matters may not be...The absence of a valid waiver of trial by indictment **by the** Applicant as required by aforementioned provisions,mandates reversal of this cause number C-396-007543-0943395-[A & B] or and number 0943395D-for the Written Plea Admonishments[alleged],and the tria Court's judgment under number 0943395D,,as **it** was not,on the facts,and law,before the trial Court's jurisdiction and could not have been a free-willing,volun tary plea bargin,and thus,once granting review upon the said void indictment(s) or information therefrom,the said Court(s) and their judges would be able to ad dress and correct such plain errors of law committed by the trial Court,and jud ge **George Gallagher**,and to settal Texas juisprudence concerning this said plea-bargin case at bar.Hence,Applicant respectfully PRAYS that this Texas Court of-Criminal Appeals grant to issue **his** Writ of habeas corpus,and upon its de novo-review of the trial Court's judgment to the conviction and sentence(s),reverse the trial Court's/judge's judgmentand remand to the trial Court with instructions to acquit,or inthe alternative,reverse and remand this cause for resentening or modify the trial Court's judgment and affirm it as modified for time ser ved or a 2-to-10-years sentence on punishment,as in the interest of justice.Art 43.2(b)(TRCP).**State V.Gonzales**,855 S.W.2d 692,sup'a(Tex.Cr.App.1993);**Ex Parte - Young**,418 S.W.2d 824,826(Tex.Cr.App.1967).

III.A.

**Ground Two Error of Law:**
**Ray Hall Junior,AS Defense COUNSEL committed Constructive Breach of Fiduciary-Duty,and legal Obligation/Legal Malpractice:**
**Issue Presented: Ray Hall Jr,intentionally breached his fiduciary duty,etc;**
**And Ronald G.Couch,COVER-UP Hall's Constructive Breach of Duty;Malpractive too:**
Applicant asserts that these/his issue of issues presented herein in Ground one Erroe of law is just One of Two of **his**[the] myriad of factors that are complex and intertwined with such unsafety procedure for Civil liberties under Texas St ate Courts,with intruding judges or usurpation of authority,as it appoints --

(2S.J.Z.)                    12.Case.

incompetent and irresponsinsible,and deceptive Court appointed Counsels,as – **Ray Hall Jr,**and **his** acquaintance,**Ronald G.Couch,**who as an appeal appointed lawyer,lied and breached **his** duty to raise colorable claims of Constitutional errors of law,as illustrated above in Ground One error of law.Thus,these said Courts and their judges are respectfully to consider said myriad of factors intertwined,in determining if Applicant will be entitled to re-present himself upon this issue of issues presented to be the[ir] decisive and operative facts upon which **are the issues** of Appicant's Constitutional claimes raised hereto.Rather than than reiterate the above point(s) as ground one error of law,the error one's point(s) raised are the same issues of fact,law,arguments,legal argument, and factual recitations made in this ground Two error of law,as points made in error one for the purpose of point Two,and will therefore,be argued together,–along with all the supporting documents pertinent to **this** cause sub-judice,including Applicant's supporting exhibits,points and authorities coupled hereto,–expressly and wholly incoporated by reference into ground one/error one,and into the 11.07,ATC-form,as the writ of habeas corpus,as if set out entirely herein,and on the basis of the trail Court's existing record for this case on appeal,and on the further basis of testimony/extrinsic or and intrinsic evidence anticipated to be adduced on a de novo/evidentiary hearing,i one needed in connection with this Applicant's memorandum of findings of facts and conclusions of law,and thus,once the said Court'(s) judge (s) hears all the evidence and sees the facts,would sua sponte move,pursuant to Article 27.08(4)(TCCP)**Sickles V.State,**170 S.W.3d 298,301(Tex.App.–Waco 2005,order)(Gray,C.J,dissenting);**Thompson V.State,**697 S.W.2d 413,supra(Tex.Cr.App.1987);**Jones V.State,**98 S.W.3d 700 702-703(Tex.Cr.App.2003),and **Boykin V.Alabama** ,395 U.S.238,242-43,89 S.Ct.1709 1711-12,23 L.Ed.2d 274(1969),as **Boykin** applies to this case sub judice,in that pervasive breach of defense counsels is a constructive breach of their fidciar legal duty(S) IS A – denial of counsel all together,and thus,after the plea ha been entered in reliance upon coercion, and fraudulent inducement,the plea – bargin must not be honored,for the fact that **"Ignorance,**incomprehension,coercion,terror,inducements,subtle or blatant threats can mask unconstitutionality, thus,the question of an effective waiver of such federal Constitutional rightsis governed by federal standards.Therefore,the record can not possibly show that Applicant's legal due process of law was applied,as satification i plea bargin induced,rather than have knowingly,intelligently,and voluntarily made".I See also **Roberson V.State,**2001 Tex.App.Lexis 5076(Beaumont 2001)(not designated for publication but cited only for this point One error of law):
"Provided that the Court **shall** inquire as to the existance of any plea barging agreements...and,in the event that such an agreement exist,the Court **shall** inform the defendant whether it will follow or reject such agreement in open Court and before a finding on the plea Should the – Court reject any such agreement.the defendant **shall** be permitted to – withdraw **his** plea of quilty".Id;Tex.Code of Crim.Proc.Art.26.13(a)(2)(Vern.supp

13.Case.


(26.J.Z.)

2002)(emphasis added)....Because Art.26.13(a)(2) uses the word "Shall",its – terms are mandatory.and must be construed accordingly.Tex.Gov't Code,§ 311.016-(2)(Vernon 1998).See **In re S.L.P.**,123 S.W.3d 685(Tex.App.-Fort Worth 2003),no – Pet.);**Lafler V.Cooper**,566 U.S.____,(2012),no.10-209: If defendant has been off-ered a plea bargin,**he** has the right to effective assistance of Counsel in consic ering to accept it,'if' that right is denied[as illustrated in point one],prej-udice can be shown in loss-of the plea-opportunity that led to a trail,resultinq in a more serve sentence; and defendant do have a **Sixth Amendment** right under – the United States Constitution,to effective assistance of Counsel,a Constitutio-nal GUARANTEE or- **it is breached**,as such rights do extend to plea bargining pro-cess"Id.at ante,at 9;**U.S.V.Henderson**,72 F.3d 463,465(5th Cir.1995)(same);See al-so **The Wallstreet Journal**,9/27-28/2014,-A-4-"U.S.Moves To Curb USE of Waivers – in Guilty Pleas"Id...Applicant's void plea bagin stipulations also contained br-oad [unsigned]waivers that encompassed intentional misleading advice by legal – ineffective assistance of Mr.**Ray Hall Junior**,at trial and on appeal by **Ronald G.Couch** and their their pervasive breach of duties not to object to the Prosec-utor'(s) void indictment(s),BREACH of plea agreement on 6/3/2005,and failure tc object to the trial Court's and it's judge's judgment and sentence as illegal.-**Ex Parte Beck**,922 S.W.2d 181-82(Tex.Cr.App.1996);**Ex Parte McIver**,586 S.W.2d 851 854(Tex.Cr.App.1979)(same),"it is a void sentence when the punishment is unauth-horized;such punishment renders the judgment void because it is illegal ,i.e.,-unathorized by law"Id....And the Supreme law of the Land has clarified this sa me issue in that a plea of quilty is only Constitutionally valid,to the extent (Tr,Ct.RR 1,pp.10-19,based on the void indictment)tah it is violuntary,and inte lligent ,and knowing-what is the **actual** criminal offense he is faced with ?-th Nature and Cause of the Claim against him.The notice received,and if he **recqni-zes** the requirement of legal due process of law ?.e.g.,**Bousely V.U.S.**,523 U.S.-614,618,118 S.Ct.1604,n.1-2,& 4-5(1998),id.at 523 U.S.619,118 S.Ct.at 1609;hold ing that the Trial Court's judge must explain the charge to the defendant,and – must consider both the complxity of the charge and the sophisticatdon of the de fendant ? such as assure[e] he has at least a Junior high-school education[whic he does not even have a 3rd degard education];check for mental impairments when admitting quilt;if any,little familiarity with the American legal system and mo ost crucially important,'did he[Accused] recieve an explanation of complicated – jurisdiction issue ?' as well as defendant reading and discussing,with his Atto rney the previous[6/3/2005] plea agreement containg facts relevant to only one-Count against him?- or if the judge explained to him,and review the incident re port with **his** participation in the trial prior-to-pleading quilty,-'while rece-iving a copy of the alleged indictment and revealing the elements of the offens charged to which **he** supposely pleaded quilty to ? and as none of the above had taken place,the trial Court's judge also erroneously failed to describe the reg isite of the **mena rea element** of the charge -which should have,'but didn't,'- –

(M.J.Z.)                         14.Case.

include knowlledge that the over-all length of the defendant's alleged offense was two offenses in one Count indictment which would not have been-in-fact-a crime(S) WITHOUT Defendant affirmatively having informed clarification of the law that could have revealed that the conduct to which the defendant plead quilty - was in fact not a crime but a civil violation against his own house hold.Thus,- after so much abuse of authority,this defendant[Applicant]was affirmatively mis- inform-by the trial Court's judge about the elements of the offenses Applicant - pleaded quilty to,and thus,could not have possibly have been a voluntary and in· telligent plea,as required by the Constitution of the United States.**Bousley**,supra,523 U.S.619,S.Ct.at 1609;**Cf.U.S.V.Suarez**,155 F.3d 521,524-25(5th Cir.1996)(same reiteration above):**Valencia V.US.**,923 F.2d 917,921-22(1st Cir.1991)(same);**Nevarez-Diaz v.U.S.**,870 F.2d 417,422(7th Cir.1989)(same);**U.S.V.Odedo**,154 F.3d 937,- 940(9th Cir.1998)(same);**\*U.S.V.Gigot**,147 F.3d 1193,1198(10th Cir.1998)(same);**U.S V.Brown**,117 F.3d 471,476(11th Cir.1997)(same);**U.S.V.Dewalt**,92 F.3d 1209,1212(D.C Cir.1996)(same),and **U.S.V.Reyna**,130 F.3d 104,106(5th Cir.1997)(same);**Ex Parte - Thomas**,545 S.W.2d 469,470(Tex.Cr.App.1977);**Talbott V.State**,93 S.W.3d 521,523-24 (Tex.App.Houston [14th Dist.] 2002.no pet.).Because Applicant could not have know the judgeould.alter the plea bargin whenafter certain pages of the plea bargin- were,induced with consent of **his** alleged waivers,"as Applicant was allegedly ch- rged with a multiple Count indictment on 11/3/200· and on 6/3/200 ,he was cocer- ced into consenting to be sentenced by the judge,but that was charged without- prior notice that the open plea deal was changed to 6/6/2005....All these ille- gal irregularities were done with no pretrial motions filed and no hearings wer held prior to the plea on 6/6/2005.At least according to **Hall** and **Couch.** See a- Appellant's Opening Brief,Cause#07-05-00250-CRpage iv--"Then **Couch** speaks a con- fused statement by implying,'that there was no agreement as to punishment and - Appellant plead open- as to punishment" This is illogical ! .... **Couch** implies "The Written Plea Admonishment 'appear'-to be in order and signed by the Appe- llant"-(CR1,pp 10-19)-But page 6 and 9 are the only pages that seem affixed with name of Joe(rather John)-Zavala,and only after the judge signed above his own - name and above Applicant or JOE ZAVALA...For the record,"there is no statement- that **Hall** adivse Applicant of any of the above illstrations.Not even if counse **Hall** conducted some kind of prior investigation or and in preparation of resear for Applicant's sentence:as a PSI investigation and then a recommendation withi sentencing guidelines in-range 2 to 10-years or what would the Court judge imp- osed after applying the correct guidelines in an advisory fashion and only afte heightened scrutiny of the[ir] applicability..**The breach of duty by Couch** invol ves not obtaing relief by raising a specific **Booker**-Type argument,of which depe nded or depend upon a comprehension and technical reading of applicable law.At least if not am issue of void judgment,then coming to be in the forefornt of ar guing against sentencing errors...Inwhich **Hall** abandoned too.But its evidently that neither **Hall or Couch** realizees that the trial process,from indictment to-

(28.J.2.)                          15.Case.

post-conviction relief,must be conducted via an approach that protects the – Constitutional rights of their Clinent(s) or all Citizens in general.Thus,Among the other issues that could have been raised on appeal,'had **Couch** acted professionally,are arguments that there was no credible evidence to support the sentencing enhancements that were illegally applied.Which in itself is Unconstitutional.But the bigger picture is the omission of elements of a crime or offense was not correct at the plea bargin hearing,as the judge relied upon the deficient statements in the factual. or none-factual resume.**Mr.Couch** did not want to raise the issue of **Hall's** breach of fiduciary duty or arithmetic errrors of law involved against the trial Court judge..Since it was the judge who erroneously-failed to inform Applicant of the actual nature of the charge(s) to which **he** was coerced to plead quilty to and failed to ensure that there was an adequate factual and legal basis for his plea,and thus,that resulting guilty plea was [therefore-involunary.See **U.S.V.Johnson**,381 F.3d 506,508(5th Cir.2004)(ccitation omitted);**Marshall V.Lonberger**,459 U.S.422,431(1983)(quoting **Henderson V.Morgan**, 426 U.S.637,645,n.13(1976)"Applicant in making these arguments,it should be est tablished that the trial Court's judge's errors of law,and defense Counsel'(s) constructive breach of duty,affected Applicant's substantial rights,as due process requires a quilty plea to be voluntary and a quilty plea ...cannot be truely voluntary if the defendant has such an incomplete understanding of the charg that **his** plea cannot stand as intelligent admission of quilt."Id.

B) The pervasive denial of effective assistance of Counse is actual an intentiona breach of[fiduciary]duty and obligations by **Hall** and or **Couch**.Of whom,as malpra cticioners,alleged in their statement of the case,that" By indictment filed nov 3rd,2004"-but left-out that "by a Grand jury indictment or defendant was indict ed on such-and-such date"...Then **Couch** states on for the record,"the Court[rath er than the judge] advice the Appellant that the range of punishment for the Of fenses for which he proposed to plead quilty was a minimum of,etc..but not upon an Attorney's preparation for his sentencing on the cases being heard ! or and- upon [inspite]of the provisions in the plea agreement that supposely blocked Ap plicant from filing an appeal.However,there are no procedure barriers that bloc challenges to the trial Court's lack of subject-matter jurisdiction.Thus,reseac by Applicant has deminstrated that the trial Court's judge erroneously failed t make sure Applicant understold the nature of the charges and that plain error e law was due to the judge accepting **his** plea when there was no sufficient factua basis regarding a critical element of the offense or offenses in one[void]indic tment...The Texas Court of Criminal Appeals can agree these illustrated errors by the trial Court's judge,coupled with **Hall's** constructive breach,are clear an they not only prejudiced Applicant,but affected **his** substantial and legal due –

process of law rights.Therefore,as for this eror Two,as ground,is reason for – the said Courts judges to vacate the conviction and remand this matter for --

16,Case.

entry of a new trial,so as to proceed forward with **his** ability to make an informed decision regarding his plea options,if there are some in this type of - void judgment case sub judice.**Dailey V.U.S.**,CASE#4:13-cr-00169-2(reduction of 20-years,within guidelines);**Alberty V.U.S.**,Case#3:14-cr-00007(USDC,NDTX)(range of 180-188 reduced-to 90 months)Hence,not only has Applicant not blessed with the most effective defense counsel,but because of **Hall's** badfaith coercion had on direct consequences of continuing with **his** induced quilty plea,and thus,- was not provided,although Mr.**Hall** was allegedley standing next to Applicant,it must also be conceded that an impact on Applicant's ability to voluntarily ple was inevitable.**Ruffin V.State**,3 S.W.3d 140,143(Tex.App.Houston [14th Dist] 19- 99,pet.ref'd).Therefore,the voluntariness of a plear prompted bu such bogus in ducement is governed by the **Fouteenth Amendment** to the United States Constitut ion of America,a legal due process standards.**Boykin**,supra,at 395 U.S.at 242,89 S.Ct.at 1711-12.Judgment based on such an involuntary plea violates the **Fourteenth Amendment**,Clause 1[infra] 's due process provision and is **void**.**Ex Parte Young**,418 S.W.2d 824,826(Tex.Cr.App.1967).

### Prayer For Relief In The Interest of Justice

Wherefore,fore all the above aforementioned reasons and for any other reason - stated herein,and on the existing record or that may be shown on a hearing of this Writ of habeas corpus's memorandum of law,and facts,that Applicant has sh own egregious harm by **Hall** and the trial Court's judge,and it is respectfully submitted that upon Appellate review,the Court's justices reverse the judgment ,set-aside the conviction,and dismiss the case or cause(s) or in the alternat- ive,reform the judgment,as modified to reflect an alleged crime of passion and remand that cause for a new trial on punishment,to meet the ends of justice.
Executed on __6__ this day of __21__ 2015,
Respectfully Submitted,
Joe Zavala#01310271
(aka JOHN ZAVALA)
Inhabitant of Mark Wayne Michael
2664 F.M.2054,Tennessee Colony,Texa
75886

### Certificate of Service and Dclaration of Truth

I, am the Applicant Petitioner,who hereby certifys and duly will declare under penalty of perjury,that all I stated in thei,writ of habeas cor- pus's memorandum of law and facts is true,correct,accurate,and complete for - this memorandum,and I am unlawfully and illegally restrained and confind of My My liberty at the Prison called the Mark Wayne Michael Unit,at 2664 F.M.2054, Tennessee Colony,Texas-located in Anderson County,in the State of Texas,and th at I have also provided the warden,Eddie D.Baker,a copy of the same at the sam Michael Unit's mailroom department ,on this __6__ day of __21__ 2015, Pursuant to Tex.R.Civ.Proc.& Rem.Code,§132,001-132.003. Applicant/Affaint

(30JZ)

A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

JUN 0 8 2015
ATTEST
BY:
DEPUTY

NAME   JOHN ZAVALA

ADDRESS   3400 CLINTON

FORT WORTH TX 76106

RACE W   SEX M   AGE 36   DOB  12/18/1967

CASE NO. 0943395   DATE FILED        8/7/2004

CID NO.   0217565

OFFENSE   ARSON-HABIT/WORSHIP/INJUR

DATE   7/28/2004

I.P.   LILLY LAUCHMANN, KERI LOVEDAY

AGENCY Fort Worth PD

OFFENSE NO. 04089106

COURT 396th District Court

**HABITUAL OFFENDER**

INDICTMENT NO. 0943395 D

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS OF TARRANT COUNTY, TEXAS,

duly elected, tried, empaneled, sworn, and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the

**297th DISTRICT COURT**

of said County that JOHN ZAVALA, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 28th day of July 2004, did

THEN AND THERE INTENTIONALLY START A FIRE OR CAUSE AN EXPLOSION BY IGNITING A COMBUSTIBLE OR FLAMMABLE MATERIAL WITH AN OPEN FLAME WITH THE INTENT TO DAMAGE OR DESTROY A HABITATION, KNOWING SAID HABITATION WAS WITHIN THE LIMITS OF AN INCORPORATED CITY OR TOWN,

PARAGRAPH TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID THEN AND THERE INTENTIONALLY START A FIRE OR CAUSE AN EXPLOSION BY IGNITING A COMBUSTIBLE OR FLAMMABLE MATERIAL WITH AN OBJECT UNKNOWN TO THE GRAND JURY, WITH THE INTENT TO DAMAGE OR DESTROY A HABITATION, KNOWING SAID HABITATION WAS WITHIN THE LIMITS OF AN INCORPORATED CITY OR TOWN,

PARAGRAPH THREE:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID THEN AND THERE INTENTIONALLY START A FIRE OR CAUSE AN EXPLOSION BY IGNITING A COMBUSTIBLE OR FLAMMABLE LIQUID WITH AN OPEN FLAME WITH THE INTENT TO DAMAGE OR DESTROY A HABITATION, KNOWING SAID HABITATION WAS WITHIN THE LIMITS OF AN INCORPORATED CITY OR TOWN,

PARAGRAPH FOUR:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID THEN AND THERE INTENTIONALLY START A FIRE OR CAUSE AN EXPLOSION BY IGNITING A COMBUSTIBLE OR FLAMMABLE LIQUID  WITH AN OBJECT UNKNOWN TO THE GRAND JURY, WITH THE INTENT TO DAMAGE OR DESTROY A HABITATION, KNOWING SAID HABITATION WAS WITHIN THE LIMITS OF AN INCORPORATED CITY OR TOWN,

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID INTENTIONALLY OR KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF KERI LOVEDAY, THE OWNER THEREOF, ENTER A HABITATION WITH INTENT TO COMMIT ARSON,

PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE  28TH

(3/.J.2.)   Exhibit: 1-A — JZ



A CERTIFIED COPY
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY TEXAS

JUN 08 2...

ATTEST
BY.

DEPUTY

DAY OF JULY, 2004, DID INTENTIONALLY OR KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF KERI LOVEDAY, THE OWNER THEREOF, ENTER A HABITATION AND DID ATTEMPT TO COMMIT OR COMMIT ARSON,

PARAGRAPH THREE: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID INTENTIONALLY OR KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF LILLY LAUCHMANN, THE OWNER THEREOF, ENTER A HABITATION WITH INTENT TO COMMIT ARSON,

PARAGRAPH FOUR: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 28TH DAY OF JULY, 2004, DID INTENTIONALLY OR KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF LILLY LAUCHMANN, THE OWNER THEREOF, ENTER A HABITATION AND DID ATTEMPT TO COMMIT OR COMMIT ARSON,

HABITUAL OFFENDER NOTICE: AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF DRIVING WHILE INTOXICATED AND FELONY REPETITION, IN THE 297TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0676489D, ON THE 18TH DAY OF AUGUST, 1998, AND, THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES FOR WHICH THE DEFENDANT WAS CONVICTED AS SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF DRIVING WHILE INTOXICATED AND TWO PRIOR MISDEMEANOR CONVICTIONS FOR DRIVING WHILE INTOXICATED, IN THE 297TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0430067W, ON THE 25TH DAY OF JANUARY, 1991,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Filed (Clerk's use only)

FILED
THOMAS A. WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

NOV 03 2004

TIME _____
BY _____ DEPUTY

_____
Criminal District Attorney
Tarrant County, Texas
INDICTMENT - ORIGINAL

_____
Foreman of the Grand Jury

(32.J.2.)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

JUN - 8 2005

**STATE'S EXHIBIT NO. 1**

CAUSE NO. __0943395D__ TIME ____

THE STATE OF TEXAS § IN THE 396th JUDICIAL DISTRICT

§

VS. § COURT OF

§

__John Zavala__ § TARRANT COUNTY, TEXAS

§

### WRITTEN PLEA ADMONISHMENTS

On this the __6__ day of __June__, 20 __05__, pursuant to the requirements of law, you, the defendant in this cause, are hereby admonished in writing by the Court as follows:

1. [X] You are charged by indictment or information with the felony offenses of:

__Arson__

Offense Code: __209903__ Count: __1 Paragraph 1__

and

2. [X] ~~Your charge is being reduced to the lesser included offense of:~~

__Burglary of a Habitation w/i Arson__

Offense Code: __220216__ Count: __2 Paragraph 1__

3. The plea bargain recommendation is:

__no agreement by the Parties.__

*Written Plea Admonishments - Page 1 of 11*



3.     If convicted, you face the following range of punishment checked below:

[X]   **FIRST DEGREE FELONY**:  Life or any term of not more than 99 years nor less than 5 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.

[  ]   **SECOND DEGREE FELONY**:  A term of not more than 20 years nor less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.

[  ]   **THIRD DEGREE FELONY**:  A term of not more than 10 years nor less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.  (If the offense was committed before September 1, 1994, a term of confinement in a community correctional facility for a term of not more than one (1) year may be assessed in lieu of confinement in the Institutional Division).

[  ]   **FIRST DEGREE ENHANCED**:  Life or any term of not more than 99 years nor less than 15 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.

[  ]   **SECOND DEGREE ENHANCED**:  Life or any term of not more than 99 years nor less than 5 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.

[  ]   **THIRD DEGREE ENHANCED**:  A term of not more than 20 years nor less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice.  In addition, a fine not to exceed $10,000 may also be assessed.

[  ]   **STATE JAIL FELONY**:  A term of not less than 180 days nor more than 2 years confinement in a state jail.  In addition, a fine not to exceed $10,000 may be assessed.
        Upon conviction, the period of confinement my be suspended and then you will be placed under supervision of the Court for a period of not less than 2 years nor more than 5 years.  The Court may also suspend all or part of any fine assessed.
        As a condition of supervision, the Court may order that you be confined for up to 90 days in the county jail, or not less than 90 days nor more than 180 days in a state jail.
        If your conviction if for manufacture, delivery, or possession with intent to deliver a controlled substance in Penalty Groups 1 or 2 of Chapter 481 of the Health and Safety Code, or for Delivery of Marihuana, the Court may order your confinement

in a State Jail for not less than 90 days nor more than 1 year as a condition of supervision.

**[ ] STATE JAIL FELONY ENHANCED TO THIRD DEGREE FELONY:** A term of imprisonment for not more than 10 years nor less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice, and in addition, a fine not to exceed $10,000 may be imposed.

A person adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1)     a deadly weapon as defined by Section 1.07 of the Texas Penal Code was used or exhibited during the commission of the offense or during the immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2)     the individual has previously been finally convicted of a felony:
    a.  listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or
    b.  for which the judgment contains an affirmative finding under Section 3g(1)(2), Article 42.12, Code of Criminal Procedure; or
    c.  the individual is convicted for a state jail felony punishable under Penal Code Section 12.35(a) and the individual has previously been finally convicted of two state jail felonies.

**[ ] STATE JAIL FELONY ENHANCED TO SECOND DEGREE FELONY:** A term of not more than 20 years nor less than 2 years confinement in the Institutional Division of the Texas Department of Criminal Justice. In addition, a fine not to exceed $10,000 may be assessed.

A person adjudged guilty of a state jail felony shall be punished for a second degree felony if it is shown on the trial of the offense that:

(1)     the defendant has been previously convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final.

**[ ] STATE JAIL FELONY PUNISHED UNDER 12.44(a) PENAL CODE:** A term of up to 1 year confinement in the County Jail and/or a fine not to exceed $4,000 may be imposed.

**[ ] STATE JAIL FELONY REDUCED TO CLASS A MISDEMEANOR UNDER 12.44(b) PENAL CODE:** A term of up to 1 year confinement in the County Jail and/or a fine not to exceed $4,000 may be imposed.

**[ ] OTHER:** _____



4.    **JURY TRIAL:** You are entitled to have a jury determine whether you are guilty or not guilty; and if guilty, to assess your punishment. Should you have more than one case pending, you may have them tried separately.

5.    You may request that the indictment be read and explained to you in open court. You are not obligated to give evidence against yourself. You may require the State to prove the elements of the offense alleged in the indictment by legal and competent evidence beyond a reasonable doubt. You and your attorney may confront and cross-examine witnesses. You have the power of subpoena to bring witnesses into court to testify in your behalf.

6.    **OPEN PLEA (NO PLEA BARGAIN):** This is your trial. Should the Court find you guilty, your punishment may be assessed anywhere within the range prescribed by law for the offense. If you are eligible, you may receive probation or deferred adjudication; but there is no assurance that you will. Once the Court has received your guilty plea, you may not withdraw that plea without permission of the Court.

7.    **PLEA BARGAINING:** A plea bargain or recommendation of punishment is **NOT BINDING** on the Court. The Court may set punishment anywhere within the range provided by law for this offense. If there is a plea bargain agreement, the Court will inform you in open Court whether the agreement will be followed before making any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea should you desire. There shall not be any binding agreements regarding conditions of community supervision. The conditions of community supervision are set by the Court. Any waiver of specific conditions of community supervision must be approved by the Court prior to the plea.

8.    **PERMISSION TO APPEAL:** When the Court follows a plea bargain agreement, permission of the Court must be given before you can prosecute an appeal on any matter in the case, except for a matter raised by written motion filed prior to trail. This Court seldom consents to an appeal where a conviction is based upon a guilty plea. Where there is no plea bargain agreement, any appeal of your conviction upon a plea of nolo contendere or plea of guilty is limited to jurisdictional issues only.

9.    **CITIZENSHIP:** If you are **NOT** a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

10.    **DEFERRED ADJUDICATION:** Should the Court defer adjudicating your guilt and place you on probation, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will than be entitled to a hearing limited to the determination by the Court, without a jury, whether to proceed with an adjudication of your guilt upon the original charge. No appeal may be taken from this determination. Upon adjudication of your guilt, the Court may assess your punishment anywhere within the range provided by law for this offense.



After adjudication of guilt, all proceedings including assessment of punishment, pronouncement of sentence, granting of probation and your right to appeal continue as if adjudication of guilt had not been deferred, except that a Court assessing punishment after an adjudication of guilt of a defendant charged with a state jail felony may suspend the imposition of the sentence and place the defendant on community supervision or may order the sentence be executed, regardless of whether the defendant has previously been convicted of a felony.

11. **PROBATION:** If the Court grants you straight probation as opposed to deferred adjudication, upon violation of any imposed condition; you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the court, without a jury, whether to revoke your probation and sentence you to a term of confinement not to exceed that originally assessed by the Court at the time you were found guilty.

You will not be entitled to earn good time credit on state jail sentences. The Court may, but is not required, to give you credit on a sentence for any time you were required to serve in a state jail as a condition of the supervision.

12. **TERMS OF SUPERVISION:** If the Court grants you deferred adjudication probation or straight probation, the Court reserves the right to amend the conditions of probation. The Court may also extend the term of probation not to exceed ten years.

13. **PAROLE:** Neither the Court nor your attorney make any promises or representations about the amount of actual time you will serve on a sentence of incarceration in the Institutional Division of the Texas Department of Criminal Justice.
Neither the Court nor your attorney makes any representations about the disposition of any parole revocation hearings.

14. **SEX OFFENDER REGISTRATION:** If you are convicted of or placed on deferred adjudication for an offense listed in Chapter 62, Code of Criminal Procedure, you will be required to meet the registration requirements of Chapter 62. You will also be subject to the driver's license application procedures listed in Article 42.016, Code of Criminal Procedure.

15. **PRESERVATION OF EVIDENCE:** Article 38.39 of the Code of Criminal Procedure requires the prosecutor representing the State in this matter to preserve evidence known to contain biological material that if subject to scientific testing could establish or exclude a person as the perpetrator of the offense. This evidence must usually be preserved in a non-capital felony until either the defendant dies, completes his sentence, or is released on parole or mandatory supervision. Such evidence may be destroyed if the State complies with the provisions of Article 38.39(d) of the Code of Criminal Procedure and the defendant does not interpose a written objection. In addition, pursuant to Article 64.01 of the Code of Criminal Procedure a convicted person may be entitled to forensic DNA testing.

16. **FUTURE USE OF CONVICTION FOR ENHANCEMENT**: Should you be found guilty of a felony offense, such conviction may be used to enhance or increase the punishment range for any future felony or misdemeanor conviction.

17. **BANKRUPTCY**: If the Court grants probation or defers adjudicating your guilt and places you on probation, and a condition of probation includes payment of restitution to a victim of the offense, payment of restitution shall not be discharged through subsequent bankruptcy proceedings. The Court shall consider any attempt to discharge payment of restitution through bankruptcy a violation of the plea agreement.

18. If no indictment has been returned by a grand jury charging you with this offense, you do not have to stand trial until such an indictment has been returned. You then will be given ample time (at least 10 days) to consult with your attorney before trial. By signing this document, you agree to waive your right to wait 10 days in the event an information is filed on today's date. You also waive your right to wait 10 days for your attorney to prepare if the attorney was appointed more recently than 10 days ago.

19. If a victim impact statement has been returned to the prosecutor under Art. 26.13, Code of Criminal Procedure, the Judge has reviewed a copy of that report.

These admonishments were given to this Defendant on the above-noted date.

_GEORGE GALLAGHER_
GEORGE GALLAGHER, JUDGE

I have received and reviewed the foregoing admonishments with my attorney. I understand each and every admonishment and I have no questions of the Judge or my attorney concerning these admonishments.

_____
DEFENDANT

The Criminal District Attorney of Tarrant County, Texas, pursuant to Article 38.39(d) of the Texas Code of Criminal Procedure hereby notifies the defendant, his attorney of record, and the convicting court in this cause, that it will destroy any and all evidence required to be preserved in compliance with Article 38.39(b) within 91 days from the date defendant receives this notice. Moreover, it is hereby acknowledged by defendant, and his attorney of record, that this notice was received in compliance with Article 38.39(d) of the Texas Code of Criminal Procedure.

## WRITTEN WAIVER OF DEFENDANT-JOINED BY ATTORNEY

COMES NOW, the Defendant, in open Court, joined by my attorney and states as follows:

(1)     I am able to read the English language (or I have had benefit of an interpreter) and fully understand the allegations in the Indictment or Information and waive arraignment and formal reading of the Indictment or felony Information;

(2)     I am mentally competent and aware of the possible punishment and the consequences of my plea, which is knowingly, freely, and voluntarily entered and I waive any and all defenses I might have;

(3)     I give up and waive any right I may have for further time to prepare for trial;

(4)     If I am proceeding on a felony Information, I waive my right to Indictment by a grand jury;

(5)     Should I be tried on more than one case, I agree that all may be heard and determined at one time;

(6)     I waive all pretrial motions that may have been filed in connection with my case(s);

(7)     My attorney provided me fully effective and competent representation and I am totally satisfied with the representation given to me by my attorney.

(8)     I also waive and give up, in accordance with Art. 1.14, Code of Criminal Procedure, all rights given to me by law, whether of form, substance, or procedure;

(9)     Joined by my attorney and in accordance with Art. 1.13 and 1.15 of the Code of Criminal Procedure, I waive and give up my right to a jury, both as to my guilt and assessment of my punishment. Under Art. 1.15, Code of Criminal Procedure, I waive and give up the right to appearance, confrontation, and



cross-examination of the witnesses, and I consent to oral and written stipulations of evidence;

(10) I waive my right not to incriminate myself and agree to testify under oath and judicially confess my guilt if requested by my attorney or the State's attorney;

(11) I waive and give up my right to have the court reporter make a record of the proceedings when my case(s) are heard and I enter my plea;

(12) I waive preparation of a presentence investigation report;

(13) No one has threatened, coerced, forced, persuaded, nor promised me anything to enter my plea, other than the plea recommendation contained in Paragraph Two, Page One of the Written Plea Admonishments. I request the Court to approve that plea recommendation and dispose of my case(s) in accordance therewith;

(14) My attorney has fully explained this waiver and foregoing written admonishments given me by the Judge. I understand all of my rights and each admonishment and I have not questions of the Judge or my attorney;

(15) I waive and give up any and all rights of appeal.

(16) **WAIVER OF PRESERVATION OF EVIDENCE**: I have been advised by the Judge of the above named court of the requirements under the Texas Code of Criminal Procedure, Article 38.39 that any evidence in possession of the attorney representing the State or a clerk or any other officer, which is known to contain biological material and which if subjected to scientific testing would more likely than not establish the identity of the person committing the offense for which I am presently charged in the above-captioned and numbered cause or which would exclude a person from a group of persons who could have committed the offense for which I am presently charged in the above-captioned and numbered cause, shall be preserved. I further have been advised that such evidence may not be destroyed by the attorney representing the state or a clerk or any other officer possessing said evidence if either my attorney, the above-named court, or I object within ninety (90) days after having received notice of the planned destruction of that evidence.

Joined by my attorney, and fully understanding my rights to (1) the preservation of the above-described evidence, (2) notice of any planned destruction of the above-described evidence, and (3) an objection to any destruction of the above-described evidence, I wish to waive those rights and do not object to the destruction of the above-described evidence. I further wish to waive those rights and do not object to the destruction of that evidence at such time as either the attorney for the State or a clerk or any officer currently in possession of that evidence shall deem proper. I agree that testing




## APPLICATION FOR PROBATION

I swear and it is my testimony here in open court that I have never before been convicted of a felony offense in any court of the State of Texas, any other state, nor in any Federal Court of the United States. I request the Court to consider my application for a probated sentence.

_____
**DEFENDANT**

SWORN AND SUBSCRIBED to before me on this the _____ 10 _____ day of _____, 20 05

_____
**DEPUTY DISTRICT CLERK**
**TARRANT COUNTY, TEXAS**

In open court we join and approve defendant's waiver of jury trial pursuant to Art. 1.13, Code of Criminal Procedure, and the stipulations of evidence pursuant to Art. 1.15, Code of Criminal Procedure. As provided in Section 12.45 of the Texas Penal Code, we further agree and consent to the admission of guilt of any unadjudicated offense designated in Paragraph 2, Page One of the Written Plea Admonishments. In addition, the Court finds as a fact that the Defendant is mentally competent and that his plea is intelligently, freely, knowingly and voluntarily entered. It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

_____
**ATTORNEY FOR DEFENDANT**
State Bar Card No. 06753020

_____
**ATTORNEY FOR THE STATE**
State Bar Card No. 50511628

_____
**GEORGE GALLAGHER, JUDGE**

*Written Plea Admonishments - Page 10 of 11*

